UNITED STATES of America,
Plaintiff–Appellee,

v.

John J. URBANEK,
Defendant–Appellant.

No. 90–3242.

United States Court of Appeals,
Tenth Circuit.

April 23, 1991.

Lee Thompson, U.S. Atty., and Tanya J. Treadway, Asst. U.S. Atty., Kansas City, Kan., for plaintiff-appellee.

Charles D. Anderson, Federal Public Defender, and Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, Kan., for defendant-appellant.

Before SEYMOUR, ANDERSON and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

John J. Urbanek appeals his sentence imposed pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), contending that the district court erred in adding two points to his offense level pursuant to U.S.S.G. § 3C1.1 for obstructing the administration of justice.

Mr. Urbanek entered a plea of guilty, and was convicted on five counts of failure to file an income tax return for the years 1983 through 1987, in violation of 26 U.S.C. § 7203. For purposes of sentencing, only count V, relating to the year 1987, fell under the Guidelines. As to that count the United States Probation Officer calculated the adjusted offense level to be eight, computed by establishing a base offense level of eight (U.S.S.G. § 2T1.2/total tax loss of $18,111), adjusted upward by two levels for obstruction of justice (U.S.S.G. § 3C1.1), and downward two levels for acceptance of responsibility (U.S.S.G. § 3E1.1(a)). The criminal history category was determined to be III. The resulting sentencing range was six to twelve months, with options of supervised release or probation, a fine not exceeding $10,000, and a mandatory special assessment of $25. Without the two-level increase for obstruction of justice the offense level would have been six, resulting in a Guideline range of two to eight months, with provisions relating to supervised release, probation, fines and assessments being identical to those for an offense level of eight.

The district court sentenced Mr. Urbanek to five years probation as to counts I through IV, none of which were subject to the Guidelines, with that sentence to run concurrently with the sentence imposed as to count V. An assessment of $25 for each count was also imposed pursuant to 18 U.S.C. § 3013. As to count V, the district court imposed a sentence under the Guidelines of five years probation subject to special conditions, including a six-month placement in the community corrections component of the Topeka Halfway House, participation in the 30–day intermediate alcohol treatment program, full cooperation with the Internal Revenue Service, and payment of restitution. A $25 special assessment was also imposed as to count V. Because of Mr. Urbanek's indigent financial condition no fine was imposed either for failure to file or for costs of incarceration. The district court characterized this sentence as "probably a lenient sentence from the problems that you have caused to other people." R. Vol. III at 23.

Mr. Urbanek's offense level was increased by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1 be-

cause of false statements which he made to Internal Revenue Service investigators during an interview. The investigators initiated the interview for the purpose of confronting him with information which the agents had already gleaned from their own investigation of his financial affairs. In response to the questions, Mr. Urbanek told the investigators that he had not worked and had neither income nor a bank account during the years in which he did not file an income tax return. He also denied receiving income under a business name or alias. Those statements were false. He had substantial income for the years 1983 through 1987, and bank accounts, and had used aliases or business names. Mr. Urbanek also stated that his failure to comply with the tax laws was attributable to an alcohol abuse problem.

None of the false statements made by Mr. Urbanek to the investigators impeded the investigation. Prior to the interview with him the IRS investigators knew that he had worked during the target years, where he had worked, what his income was, his bank account number and location, and the names he had used in his business. When confronted with this evidence, in the same interview in which he had made the false statements, Mr. Urbanek immediately retracted those statements.

Mr. Urbanek argues that his false statements and use of aliases did not amount to obstruction of justice since they were not capable of influencing the investigation and were the equivalent of "flight" or a denial of guilt. The government responds that a false statement must only have "the *potential* for obstructing justice." Brief of Appellee at 7 (emphasis in original). The government adds that: "Because Section 3C1.1 includes *attempted* obstruction of justice as well as actual obstruction of justice, materiality is not connected to whether the authorities' investigation was actually affected or prejudiced." *Id.* (emphasis in original). In evaluating these arguments, we are mindful that the district court's application of the Sentencing Guidelines to the facts of a particular case is entitled to due deference and its factual findings will not be reversed unless clearly erroneous.

18 U.S.C. § 3742(e) (1990); *United States v. Keys*, 899 F.2d 983, 988 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990). However, we will remand for resentencing if the Guidelines were incorrectly applied. 18 U.S.C. § 3742(f)(1).

Recently the United States Sentencing Commission has added additional Commentary and Application Notes to § 3C1.1, in order to clarify the operation of the existing Guidelines, rather than to change them. U.S.S.G. App. C, note 347. The Application Notes state, in pertinent part:

3. The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:

\* \* \* \* \* \*

(g) providing a materially false statement to a law enforcement officer *that significantly obstructed or impeded the official investigation or prosecution of the instant offense;*

\* \* \* \* \* \*

4. The following is a non-exhaustive list of examples of the types of conduct that, absent a separate count of conviction for such conduct, do not warrant application of this enhancement, but ordinarily can appropriately be sanctioned by the determination of the particular sentence within the otherwise applicable guideline range:

(a) providing a false name or identification document at arrest, except where such conduct *actually resulted in a significant hindrance to the investigation* or prosecution of the instant offense;

(b) making false statements, not under oath, to law enforcement officers, unless Application Note 3(g) above applies;

\* \* \* \* \* \*

Commentary, Application Notes 3, 4, U.S. S.G. § 3C1.1 (emphasis added).

■ Evaluating the statements made by Mr. Urbanek to the investigators in light of

the Application Notes to § 3C1.1,[1] we conclude that it was clear error to charge him with a two-level increase for obstruction of justice. The statements which he made denying the existence of bank accounts or taxable income amounted to nothing more than a denial of guilt or an "exculpatory no." Commentary, Application Note 1, U.S.S.G. § 3C1.1; *United States v. Keys*, 899 F.2d at 988 (denial of guilt is improper basis for § 3C1.1 enhancement). Assertion of an alcohol abuse problem as an excuse for failing to file tax returns was a legitimate defense, subject, of course, to proof.

Mr. Urbanek's use of aliases to hinder the government in recognizing and establishing the fact that he earned income, and his denial of the use of aliases, are a more serious matter. Many courts have held that a § 3C1.1 enhancement is justified when the defendant asserts an alias during an investigation, regardless of whether the prosecution was actually impeded or obstructed. *United States v. Gaddy*, 909 F.2d 196, 199 (7th Cir.1990) (false name to FBI agent, even though recanted two days later); *United States v. Irabor*, 894 F.2d 554, 556 (2d Cir.1990) (false identification to investigators); *United States v. Patterson*, 890 F.2d 69, 71–72 (8th Cir.1989) (false identification at time of arrest and during investigation); *see United States v. Saintil*, 910 F.2d 1231, 1233 (4th Cir.1990). However, those cases differ from the one before us in that Mr. Urbanek did not assert that he was anyone other than himself to the investigator. He simply denied having used any aliases in the past in connection with the crime. As discussed above, that denial of wrongdoing alone is not enough to justify the enhancement. Similarly, his refusal to disclose the names under which he did business is merely a "refusal to admit guilt or to provide infor-

mation" and is not meant to justify a § 3C1.1 enhancement for obstruction of justice. Commentary, Application Note 1, U.S.S.G. § 3C1.1.

■ In addition, those cases were decided without the benefit of the recent clarification of the Guidelines. In light of the 1990 Application Notes, even if Mr. Urbanek had given an alias, the enhancement would not be justified since it is undisputed that his false statements did not significantly impede or obstruct the investigation.[2] Commentary, Application Note 3(g), U.S.S.G. § 3C1.1. The IRS investigators already had the correct information in their possession when they asked the questions. Furthermore, Mr. Urbanek recanted on the spot when confronted with the truth. Accordingly, no obstruction of the administration of justice occurred within the meaning of U.S.S.G. § 3C1.1 as a result of Mr. Urbanek's responses to the investigator's questions.

■ The government argues that even if the district court erred by increasing the base offense level under § 3C1.1, the error was harmless and no remand for resentencing is required because Mr. Urbanek's sentence would have been the same even if the offense level was calculated at six rather than eight. *See United States v. Bermingham*, 855 F.2d 925, 931 (2d Cir.1988) (dispute about applicable Guidelines need not be resolved where the sentence falls within either of two arguably applicable Guideline ranges and the same sentence would have been imposed under either guideline range); *United States v. White*, 875 F.2d 427, 432–33 (4th Cir.1989) ("Had the district judge stated that the sentence would have been the same regardless of which sentencing range had ultimately been determined

---

1. The Commentaries interpret the Guidelines and explain their application. Failure to follow them in applying the Guidelines may constitute reversible error. U.S.S.G. § 1B1.7; *United States v. Goddard*, 929 F.2d 546 (10th Cir.1991); *United States v. Smith*, 900 F.2d 1442, 1447 (10th Cir.1990).

2. No cases decided after the 1990 clarification conflict with our holding that actual, significant hindrance to investigation is necessary when

false aliases are given, not under oath, during the investigation. *United States v. Turpin*, 920 F.2d 1377, 1387 (8th Cir.1990) (defendant's referral to accomplice under his assumed name during trial testimony actually hindered the investigation); *United States v. Yerks*, 918 F.2d 1371, 1375 (8th Cir.1990) (where defendant gave an alias at arrest and also signed a financial status affidavit before federal magistrate, actual obstruction not necessary).

to be appropriate, review of whether [the adjustment] applied would have been unnecessary."). However, the government concedes that the district court did not specifically state that Mr. Urbanek's sentence would have been the same with or without the obstruction of justice adjustment. Brief of Appellee at 11. While we view it as highly unlikely that this "lenient" sentence imposed by the district court will be any different under an offense level of six rather than an offense level of eight, we cannot agree with the government that no remand is required simply because the sentence imposed was within either of two arguably applicable Guideline ranges. *See United States v. Bermingham*, 855 F.2d at 934–35. Unless the district court makes it clear during the sentencing proceeding that the sentence would be the same under either of the applicable Guideline ranges, we are compelled to remand for resentencing when we find, as we do here, that an improper offense level was applied. *Id.*

In consideration of the foregoing, we reverse and remand this case for resentencing consistent with this opinion.