968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Noe MARUFO-JIMENEZ, aka Jose Luis Lira-Salcido (True Name),
Defendant-Appellant.
 No. 91-2192.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1992.
 
 Before STEPHEN H. ANDERSON, McWILLIAMS and SNEED,* Circuit Judges.
 ORDER AND JUDGMENT**
 SNEED, Circuit Judge.
 Jose Luis Lira-Salcido appeals the district court's enhancement of his sentence pursuant to the obstruction of justice provision of the Sentencing Guidelines. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 1
 On April 22, 1991, Lira-Salcido pleaded guilty to unlawful importation of less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(4) and 18 U.S.C. § 2. He entered his plea under the alias Noe Marufo-Jimenez. On June 6, 1991, Lira-Salcido was called as a witness to testify at the trial of a codefendant. Again, he gave his name as Marufo-Jimenez; however, on cross-examination, he revealed his true name. The next day, the jury returned a verdict of guilty. After dismissing the jury, the court made a finding, which it ordered to be placed in Lira-Salcido's presentencing report, that "none (including the appellant's true name) of [Lira-Salcido's] testimony was true."
 
 
 2
 On July 15, 1991, Lira-Salcido was sentenced to 51 months' imprisonment to be followed by 3 years' supervised release. This sentence reflected an enhancement pursuant to U.S.S.G. § 3C1.1, which provides for an upward adjustment of two levels in cases of obstruction of justice. Lira-Salcido now timely appeals his sentence.[1]
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 3
 We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We give due deference to the district court's application of the Sentencing Guidelines to the facts, but review de novo the application of the Guidelines for errors of law. United States v. Smith, 888 F.2d 720, 723 (10th Cir.1989), cert. denied, 494 U.S. 1068 (1990).
 
 III.
 DISCUSSION
 
 4
 Lira-Salcido argues that the district court erred in enhancing his sentence based on obstruction of justice. We disagree. By using an alias in connection with the testimony in his codefendant's case and the guilty plea in his own, Lira-Salcido provided materially false information to a judge or magistrate. United States v. Gardiner, 931 F.2d 33, 35 (10th Cir.1991). This was an obstruction of justice within the meaning of the Guidelines. U.S.S.G. § 3C1.1, comment. (n. 3(f)).
 
 
 5
 Lira-Salcido's argument that the "instant offense" language of section 3C1.1 precludes its application to obstruction of justice in a codefendant's case is unavailing. The Sentencing Guidelines contemplate that an "offense" may include the concerted criminal activity of multiple participants, see U.S.S.G. Ch. 3, Pt. B, intro. comment. (discussing defendant's role as one of several participants in "the offense"), and section 3C1.1 thus applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant. It is immaterial that Lira-Salcido's use of an alias at his codefendant's trial failed to affect the outcome of that case. The jury returned a verdict of guilty on all counts. Nontheless, by its own terms section 3C1.1 applies where the defendant attempts to obstruct or impede justice, regardless of whether the attempt succeeds.
 
 
 6
 Lira-Salcido's reliance on United States v. Urbanek, 930 F.2d 1512, 1514-15 (10th Cir.1991), is misplaced. In Urbanek, we held that a defendant's denial to IRS investigators that he had used aliases in connection with tax fraud did not amount to an obstruction of justice for purposes of section 3C1.1. Our holding relied on a Guidelines application note indicating that the obstruction of justice enhancement is not warranted where the defendant provides "a false name ... at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, comment. (n. 4(a)) (emphasis added). In the instant case, by contrast, Lira-Salcido provided a false name to "a judge or magistrate," id., comment (n. 3(f)). Moreover, in Urbanek, the defendant "did not assert that he was anyone other than himself to the investigator. He simply denied having used any aliases in the past ... [T]hat denial of wrongdoing alone is not enough to justify the enhancement." 930 F.2d at 1515. By contrast, Lira-Salcido's use of an alias was more than "a denial of guilt or an 'exculpatory no.' " Id., citing U.S.S.G. § 3C1.1, comment. (n. 1).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Joseph T. Sneed, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 On July 19, 1991, the district court's judgment was entered on the docket. On July 30, 1991, Lira-Salcido filed a letter in Spanish purporting to be a pro se notice of appeal. On August 7, 1991, his counsel filed a formal notice of appeal. On September 10, 1991, the district court entered an order permitting Lira-Salcido's untimely notice of formal appeal. The government did not object to this order