2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose A. VALENZUELA-CASTANEDA, Defendant-Appellant.
 No. 93-3088.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Defendant Jose A. Valenzuela-Castaneda appeals a sentence which included a two-point enhancement for obstructing justice pursuant to U.S.S.G. Sec. 3C1.1. Defendant argues the act relied upon by the district court for the imposition of the enhancement was not an obstruction of justice. We disagree and affirm.
 
 
 2
 Following a conviction for the crime of conspiracy to smuggle illegal aliens, defendant escaped from the Federal Prison Camp at Leavenworth, Kansas. Approximately three months later, he was detained by INS agents and charged with being in the country illegally. When arrested, defendant gave his name as Manuel Juarez-Torres. He was subsequently fingerprinted and allowed to return to Mexico. About a month later, his true identity was discovered when his fingerprints were examined by the FBI.
 
 
 3
 Defendant remained at large for approximately six years until he was again arrested and charged with transporting illegal aliens. Following service of the sentence imposed for that offense, defendant was returned to the District of Kansas where he ultimately entered a plea of guilty to the crime of escape.
 
 
 4
 In imposing sentence on that charge, the district court included a two-point enhancement for willfully impeding the administration of justice. U.S.S.G. Sec. 3C1.1. The court overruled defendant's objection to the enhancement, holding, contrary to his contentions, defendant's giving of a false name to the INS was a "significant hinderance" to the investigation and prosecution of the crime of escape, as that term is employed in Application Note 3(g) to Sec. 3C1.1. The court also held giving a false name is not the same as a general denial of guilt or avoiding and fleeing from arrest as defendant argued.
 
 
 5
 In addition to the imposition of the two-point enhancement, the court granted a two-point reduction for acceptance of responsibility. The resulting guideline sentence was 33 to 41 months, and the court fixed the sentence at the lowest level. In so doing, the court noted:
 
 
 6
 And let me say that even if I would have granted both of the defendant's objections, that would have moved the guideline down from 27 to 33 months. The court feels that I would sentence him under that situation to 33 months because he has been like a yo-yo bouncing back and forth between Mexico and the United States for a long period of time, and has engaged in bringing illegal aliens into the United States in addition to his own presence here.
 
 
 7
 The obvious implication of this statement is, of course, even had it not imposed the two-point enhancement, the court would have still arrived at the same period of imprisonment. In light of that statement, this appeal is academic. Even if we were to overrule the district court's sentencing calculation, the defendant would doubtless find himself serving the same sentence after remand.
 
 
 8
 We do not believe the district court's analysis is incorrect, however. Application Note 3(g) suggests one example of impeding the administration of justice is "providing a materially false statement to a law enforcement officer that significantly obstruct[s] or impede[s] the official investigation or prosecution of the instant offense." Defendant argues the application note does not pertain because he was under arrest for an "unrelated matter" when he gave the false name. That argument begs the issue. Compare United States v. Amos, 984 F.2d 1067, 1072 (10th Cir.1993) (An enhancement under Sec. 3C1.1 for escaping while awaiting sentence was proper despite an objection the escape was a new and separate offense to the one upon which sentence was imposed.).
 
 
 9
 The clear implication of the application note is one who gives a law enforcement officer false information to avoid prosecution for the offense which is ultimately charged has impeded the administration of justice. The circumstances under which the statement is given are irrelevant because it is the intent behind the giving of the information that is consequential.
 
 
 10
 Here, defendant obviously wanted to avoid arrest for the felony of escape. By giving a false name defendant was able to evade the detection that would have led to his ultimate indictment. We are, therefore, convinced Application Note 3(g) applies in this instance.
 
 
 11
 Defendant asserts this conclusion is in conflict with United States v. Robinson, 978 F.2d 1554 (10th Cir.1992), cert. denied, 113 S.Ct. 1855 (1993). The case is inapposite. In Robinson, there was no indication the giving of false names impeded any investigation. That is not the situation here because defendant's deception allowed him to avoid arrest and prosecution for six years. The distinction between the cases is manifest.
 
 
 12
 The defendant also argues the sentence here "does not conform to the finding" in United States v. Urbanek, 930 F.2d 1512 (10th Cir.1991). That case, too, is inapposite because we stated:
 
 
 13
 None of the false statements made by Mr. Urbanek to the investigators impeded the investigation. Prior to the interview with him the IRS investigators knew [the actual facts]. When confronted with this evidence, in the same interview in which he had made the false statements, Mr. Urbanek immediately retracted those statements.
 
 
 14
 Id. at 1514. The rationale behind our holding, obviously, is if a false statement does not deter an investigation or prosecution, it cannot result in impeding justice.
 
 
 15
 Finally, defendant contends sentencing in this case should be influenced by Application Note 4(d) to Sec. 3C1.1, which states a type of conduct that does not warrant enhancement is "avoiding or fleeing arrest." We disagree.
 
 
 16
 The Ninth Circuit has regarded fleeing arrest as an instinctual act committed immediately after commission of the crime. United States v. Mondello, 927 F.2d 1463, 1466 (9th Cir.1991). The court contrasted avoiding arrest in the "immediate aftermath of the crime," id., with a similar act committed significantly later. When the defendant avoids detection in the latter circumstance, he is impeding justice within the meaning of Sec. 3C1.1. Id. We agree with that view.
 
 
 17
 Moreover, there are special circumstances here which make Application Note 4(d) irrelevant. It must be remembered defendant was in the process of perpetrating the crime of escape when he was arrested by the INS. Essential to that perpetration was for him to remain undetected. In that sense, then, defendant was not avoiding or fleeing arrest. He was frustrating the investigation and prosecution of an ongoing felony by lying to law enforcement officers to prevent the detection of his criminal act. We believe that conduct lies within the scope of Sec. 3C1.1 by definition.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3