**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus FLORES–FLORES, also known**
**as Daniel Guzman–Martinez,**
**Defendant–Appellant.**

No. 92–3457.

United States Court of Appeals,
Tenth Circuit.

Sept. 23, 1993.

Submitted on the briefs: *

Charles D. Anderson, Federal Public Defender, and Marilyn M. Trubey, Branch Chief, Federal Public Defender's Office, Topeka, KS, for defendant-appellant.

Jackie N. Williams, U.S. Atty., and Richard L. Hathaway, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Jesus Flores–Flores pled guilty to illegal reentry of a deported alien after a previous felony conviction, in violation of 8 U.S.C. § 1326(a). His sentence calculation included a two-point increase for obstruction of justice, pursuant to the United States Sentencing Guidelines § 3C1.1.[1] He appeals this

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. The United States Sentencing Guidelines are referred to herein as "U.S.S.G." or the "guidelines." The guideline provisions applicable to this case, and referred to herein, are from the United States Sentencing Commission, Guide-

lines Manual (Nov.1992). See United States v. Mondaine, 956 F.2d 939, 941 (10th Cir.1992) (sentencing is under the version of the guidelines in effect on the date of sentencing).

U.S.S.G. § 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

two-point increase in his criminal offense level, contending that he did not materially impede the administration of justice in his case. We affirm.

## I.

Mr. Flores–Flores was interviewed by an Immigration and Naturalization Service (INS) Special Agent during detention following arrest for an unrelated crime. He informed the special agent that his true name was "Daniel Guzman–Martinez," but that he had used the alias "Jesus Flores–Flores" in the past; he also informed the special agent of two prior convictions and deportations. To the contrary, apparently Jesus Flores–Flores is this man's true identity, Daniel Guzman–Martinez was one of at least eighteen alias names he had used during the past ten years during illegal stays in the United States, Mr. Flores–Flores had been deported at least four times during this period, and he had had at least three criminal convictions. After being charged and pleading guilty to illegal reentry under 8 U.S.C. § 1326, he was further interviewed in preparation of his presentence report.

The probation officer who prepared the presentence investigation report noted Mr. Flores–Flores's deception with the INS special agent, as well as discrepancies in Mr. Flores–Flores's description of his personal history. The probation officer recommended a two-point increase in Mr. Flores–Flores's criminal conduct score to reflect obstruction of justice pursuant to U.S.S.G. § 3C1.1, citing application note 3(g) and (h).[2] Mr.

Flores–Flores objected to the two point increase, arguing that the misinformation was not given under oath and that it was not material to the federal investigation of his case, citing U.S.S.G. § 3C1.1 application notes 4(b), 4(c), and 5.[3] The district court overruled this objection, accepting the recommendation of the probation officer. Mr. Flores–Flores appeals.

## II.

"[T]he district court's application of the Sentencing Guidelines to the facts of a particular case is entitled to due deference and its factual findings will not be reversed unless clearly erroneous." *United States v. Urbanek*, 930 F.2d 1512, 1514 (10th Cir.1991) (citations omitted). Our review of the district court's legal interpretation of the Sentencing Guidelines is *de novo*. *United States v. LeRoy*, 984 F.2d 1095, 1096 (10th Cir. 1993). If the Guidelines were incorrectly applied, we will remand for resentencing. *Urbanek*, 930 F.2d at 1414; *see also Williams v. United States*, —— U.S. ——, —— - ——, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992) (remand is appropriate if district court misapplies the sentencing guidelines, absent harmless error). In addition, we are mindful that U.S.S.G. § 3C1.1, comment. (n.1) provides in pertinent part: "In applying this provision in respect to alleged false ... statements by the defendant, such ... statements should be evaluated in a light most favorable to the defendant."

**2.** U.S.S.G. § 3C1.1, comment. (n. 3) provides in pertinent part:
  The following is a non-exclusive list of examples of the types of conduct to which this enhancement applies:
  ....
    (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;
    (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court;

**3.** U.S.S.G. § 3C1.1, comment. (n. 4) provides in pertinent part:
  The following is a non-exclusive list of examples of the types of conduct that ... do not warrant application of this enhancement, but

ordinarily can appropriately be sanctioned by the determination of the particular sentence within the otherwise applicable guideline range:
  ....
    (b) making false statements, not under oath, to law enforcement officers, unless Application Note 3(g) above applies;
    (c) providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation;
U.S.S.G. § 3C1.1, comment. (n. 5) provides: " 'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination."

■ Whether the particular facts of a case show that the misinformation offered by the defendant was sufficient to significantly impede an investigation is a question of fact to be determined by the sentencing court.[4] *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). The quantum of proof necessary to support a finding of fact under the Sentencing Guidelines is a preponderance of the evidence. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.), *cert. denied*, 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990).

■ Mr. Flores–Flores argues that his misstatements concerning his identity and his past use of aliases were not material because they did not significantly hinder or serve as the basis of actual prejudice in the preparation of the presentence report. He relates that his true identity was known by the time he was brought before the magistrate judge and that the other names which he used in the past were known by the time the presentence report was submitted. He notes that he did inform the special agent of two prior convictions and deportations.

This circuit has held that a denial of the use of alias names which was *insufficient* to impede an investigation did not justify application of section 3C1.1's two-point increase for obstruction of justice. *Urbanek*, 930 F.2d at 1514–15, *cited in United States v. Robinson*, 978 F.2d 1554, 1566 (10th Cir.1992) (remand for reconsideration of sentencing under *Urbanek*), *cert. denied*, —— U.S. ——, 113 S.Ct. 1855, 123 L.Ed.2d 478 (1993). Mr. Flores–Flores argues that the fact that his identity and numerous aliases were timely uncovered by the federal agencies involved belies the notion that he significantly delayed or impeded investigation of his background. Appellant's Brief at 3–6.[5]

We disagree. Materiality in the context of false information is not determined by whether the authorities somehow manage to ferret out accurate information prior to a defendant's first court appearance. *See, e.g., United States v. St. Cyr*, 977 F.2d 698, 705–06 (1st Cir.1992) (concealment of criminal history held to be material in that it delayed completion of the presentence report); *United States v. Baker*, 894 F.2d 1083, 1084 (9th Cir.1990) (same). The product of diligent investigative work and inter-agency communication does not serve to ameliorate the seriousness of Mr. Flores–Flores's conduct. Materiality under these facts is determined based on whether the defendant's conduct was *sufficient* to impede the investigation, not whether it was *successful* in that goal. *See* U.S.S.G. § 3C1.1 comment. (n.5) (statement is material if it "would tend to influence or affect the issue under determination").

The presentence report detailed the strenuous efforts required to discover Mr. Flores–Flores's criminal and illegal entry history. By contrast, in *Urbanek*, the defendant disclosed his true identity to investigators, but did not reveal the alias names he had used in

---

**4.** Mr. Flores–Flores urges us to review this appeal de novo, arguing that the critical issue "requires an interpretation of the scope of the guideline." Brief of Appellant at 3. We disagree. The only question presented to us is whether the district court properly applied U.S.S.G. § 3C1.1 under the facts of the case.

**5.** There is also an intent requirement for application of § 3C1.1. *See United States v. Hernandez*, 967 F.2d 456, 459 (10th Cir.1992) ("The evidence must demonstrate that the defendant consciously acted with the purpose to obstruct justice.") (citing *United States v. Gardiner*, 931 F.2d 33, 35 (10th Cir.1991)); *accord United States v. Williams*, 897 F.2d 1034, 1041 (10th Cir.1990) ("The proper inquiry is whether [the defendant] provided false information to mislead the interviewer."), *cert. denied*, —— U.S. ——, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991). The government bears the burden of proving by a preponderance of the evidence that the defendant willfully ob-

structed or impeded the administration of justice. *United States v. Aymelek*, 926 F.2d 64, 67 (1st Cir.1991).

Mr. Flores–Flores does not address the question of whether he intended to hamper the investigation concerning the extent of his criminal history. However, the presentence report documented that in several of his various interactions with federal and local authorities in the United States during the past ten years, Mr. Flores–Flores used different names, different alias names, and different recitations of personal history. Although Mr. Flores–Flores contends that this information is irrelevant to examination of whether § 3C1.1 applies to his conduct during the presentencing interviews in the case before us, this information is relevant as an indication of Mr. Flores–Flores' intent to significantly hamper the investigation.

the past as part of his criminal scheme, conduct which we described as a protected "denial of wrongdoing." *Urbanek*, 930 F.2d at 1515. In addition, in *Urbanek*, the "investigators already had the correct information in their possession when they asked the questions." *Id.* In *Robinson*, evidence which was found at the scene of the arrest provided the identity information the defendant withheld from investigators, potentially removing defendant from the responsibility of "actual, significant hindrance to investigation." *Robinson*, 978 F.2d at 1566.

Here, Mr. Flores–Flores provided misinformation and incomplete information, material to the presentencing investigation of his case. It was necessary for federal investigators to expend considerable effort and resources to fill in and correct the incomplete and misleading information which Mr. Flores–Flores provided. Under these facts, the district court did not err in applying U.S.S.G. § 3C1.1 to Mr. Flores–Flores's sentencing calculation.

AFFIRMED.