**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROSE BURRIS,

    Defendant-Appellant.

No. 97-7100
(E.D. Okla.)
(D.Ct. No. 97-CR-22-B)

—————————————————

**ORDER AND JUDGMENT**[*]

—————————————————

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

—————————————————

    Ms. Burris entered a guilty plea to the crime of maintaining a place for the distribution of cocaine base, in violation of 21 U.S.C. § 856(a)(1), and received a seventy-one month sentence. She appeals the length of her sentence. Her counsel has filed an *Anders* brief.[1] We affirm.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1] *See Anders v. California*, 386 U.S. 738 (1967).

Ms. Burris was originally charged with six drug-related counts. She entered into a written plea agreement, with the result being a dismissal of five counts and her guilty plea to the count in question.

In Ms. Burris' presentence report, the probation office concluded her base offense level was 28 (based upon twenty to thirty-five grams of cocaine base). It then determined the base level should be reduced by three levels for acceptance of responsibility, yielding a net offense level of 25. Ms. Burris' criminal history score of four yielded a criminal history category of III, which resulted in a sentencing guideline range of seventy to eighty-seven months.

Ms. Burris filed an objection to the presentence report. The essence of the objection was that 24.1 grams of the 30.9 grams of cocaine base used to determine the base offense level should not have been attributed to her, as this amount was seized from the pocket of a coat she claimed she did not own. The district court, prior to sentencing, determined a sentence of seventy to seventy-one months would be appropriate considering Ms. Burris' conduct. [2] The district

---

[2] The district court, at the sentencing hearing, found as follows:

It should be noted in the record of this hearing that I have reviewed the presentence report and the objections attached thereto and that I have determined that a sentence of imprisonment of 70 or 71 months is the

court then found the ultimate sentence of seventy-one months given to Ms. Burris would be within the range of punishment permitted under the guidelines even if the court sustained the defendant's objection to the presentence report. Counsel, at the sentencing hearing and in his *Anders* brief, concluded the objection to the presentence report was rendered moot because of the district court's determination.

If the district court had excluded the 24.1 grams of cocaine base, the base level would have been based on the remaining 6.8 grams. Under the 1995 edition of the Guideline Manual, which was the manual used to compute the guideline range in this case, the base offense level should be 26 if there is at least 5 grams but less than 20 grams of cocaine base. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(7) (1995). Assuming the same three-level reduction for acceptance of responsibility, this would result in an offense level of 23. With an offense level of 23 and a criminal history category of III, the sentencing

_____

appropriate total punishment for the conduct underlying the count of conviction. I make that determination without regard to the drug amount in dispute and would not decrease the sentence if the guideline range were lower in this case by excluding the 24.1 grams.

On the basis of that finding, I can see no reason to hear any evidence with respect to the pending objection....

guideline range is fifty-seven to seventy-one months. United States Sentencing Commission, *Guidelines Manual*, Sentencing Table (1995). The district court was correct in its calculations; the sentence falls within both of the potentially applicable guideline ranges.

Even if we were to reach the question raised by Ms. Burris and rule the district court erred in its calculation of the amount of cocaine base, we would not remand for resentencing because the court made it clear the sentence would have been the same under either of the applicable guideline ranges. *See United States v. Urbanek*, 930 F.2d 1512, 1516 (10th Cir. 1991). Like counsel, we can find no error. Counsel's request to withdraw in accordance with *Anders* is granted. The judgment and sentence of the district court is, in all respects, **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge