**F I L E D**

**UNITED STATES COURT OF APPEALS**

FEB 1 2002

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARTURO CABALLERO-GARCIA,

Defendant-Appellant.

No. 00-2495
(D.C. No. CR-99-1438-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Arturo Caballero-Garcia was charged in one count of a two-count indictment with conspiring to possess with intent to distribute more than 100 kilograms of marijuana. He pled guilty without a plea agreement, and was

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to 108 months in prison and four years of supervised release. In calculating Mr. Caballero's sentence, the district court added four points to his offense level under section 3B1.1(a) of the United States Sentencing Guidelines for being a leader of criminal activity, and two points under section 3C1.1 for obstruction of justice. Mr. Caballero's counsel filed a notice of appeal and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. We grant leave to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744.

In his *Anders* brief, counsel addresses the district court's enhancement of Mr. Caballero's sentence based on his leadership role and his obstruction of justice, and the court's determination that Mr. Caballero did not meet the safety valve criteria set out in 18 U.S.C. § 3553(f). Mr. Caballero argues pro se that the court erred in enhancing his sentence based on his role in the offense, his

sentence was disproportionate when compared to that of a codefendant, the court erred in finding he had obstructed justice, and the court erred in calculating the amount of marijuana attributable to him.

We turn first to the sentencing court's determination that Mr. Caballero was a leader under section 3B1.1(a), which we review for clear error. *See United States v. Cruz Camacho*, 137 F.3d 1220, 1223-24 (10th Cir. 1998). The government must prove the facts establishing the defendant's leadership role by a preponderance of the evidence. *See id.* at 1224.

The record indicates that Mr. Caballero was part of a conspiracy to import marijuana from Mexico into New Mexico and Arizona through couriers, and to distribute it at various locations in the United States. The presentence report recites evidence that Mr. Caballero was the drug supplier for the organization, that he offered the couriers money to transport the drugs across the border, and that he gave them instructions on pick-up and delivery. After an evidentiary hearing, the sentencing court ruled that Mr. Caballero was a leader of criminal activity under section 3B1.1(a), determining from the testimony of the couriers that Mr. Caballero exercised decision-making authority by setting the pay for the couriers and giving them delivery instructions, provided financing for the operation, recruited drivers, including an undercover agent, and received a larger share of the fruits of the crime than did other coconspirators. *See* U.S.S.G.

§ 3B1.1(a), comment. (n.4). The record clearly supports these findings. Although Mr. Caballero contends pro se that the testimony of witnesses against him was not credible, "[t]he credibility of a witness at sentencing is for the sentencing court, who is the trier of fact, to analyze." *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994).[1]

The sentencing court also imposed a two-level enhancement for obstruction of justice under section 3C1.1, finding that Mr. Caballero testified falsely under oath at his sentencing hearing with respect to his role in the offense. The commentary to section 3C1.1 provides that the enhancement is warranted when the defendant "provide[s] materially false information to a judge or magistrate." USSG § 3C1.1, comment. (n.4(f)). We review the sentencing court's factual determinations concerning obstruction of justice for clear error, giving due deference to the court's application of the guidelines to the facts and its ability to judge the credibility of the witnesses upon which it relied. *See United States v. Hankins*, 127 F.3d 932, 934 (10th Cir. 1997). The record amply supports the

---

[1] Our affirmance of the sentencing court's determination that Mr. Caballero was a leader or organizer is dispositive of his claim that he was entitled to sentencing under the safety valve provision set out in 18 U.S.C. § 3553(f). That provision by its terms is not available to a defendant who was a leader or organizer as determined under the guidelines. *See id.* § 3553(f)(4). We also reject Mr. Caballero's pro se argument that his sentence was disproportionate to that of a co-conspirator. In view of the court's determination that Mr. Caballero was a leader of the conspiracy, he was not similarly situated to his co-conspirator, whom the undisputed evidence shows was a courier.

sentencing court's determination that Mr. Caballero lied about his conduct with respect to matters that were material to his role in the offense.

Mr. Caballero argues pro se that the enhancement was improper because he was merely exercising his constitutional right to deny guilt. Other than a denial of guilt under oath that constitutes perjury, a refusal to admit guilt does not justify an enhancement for obstructing justice. *See* U.S.S.G. § 3C1.1, comment. (n.2); *see also United States v. Urbanek*, 930 F.2d 1512, 1515 (10th Cir. 1991). Mr. Caballero's characterization of his testimony, however, is simply incorrect. Mr. Caballero admitted his guilt by pleading guilty. The issue at sentencing was whether his conduct during the offense warranted a sentencing enhancement based on his leadership role, a matter upon which he provided false information under oath to the sentencing court. The rule in *Urbanek* thus does not apply.

Finally, we address Mr. Caballero's pro se arguments addressing the district court's calculation of the amount of marijuana attributable to him. We review this calculation for clear error. *See Cruz Camacho*, 137 F.3d at 1225. "The government must prove the quantities of drugs for sentencing purposes by a preponderance of the evidence and the evidence relied upon must possess a minimum indicia of reliability." *Id.*

Mr. Caballero contends that the government's witnesses lacked credibility, asserting that two of the witnesses are now fugitives and that the testimony of

others was tainted by deals made with the government. The credibility of witnesses whose testimony is relied upon at sentencing is for the sentencing judge to evaluate. *See Hankins*, 127 F.3d at 934; *see also Deninno*, 29 F.3d at 578. Here the court's determination that the witnesses' testimony possessed minimum indicia of reliability was not clear error.

Mr. Caballero also appears to argue that because the drug quantity was used to enhance his sentence, the quantity was an element of the offense that must be proven beyond a reasonable doubt, citing, inter alia, *Burton v. United States*, 237 F.3d 490 (5th Cir. 2000) (per curiam). In so doing, Mr. Caballero attempts to bring his case within the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that, other than a prior conviction, a fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the indictment and proved beyond a reasonable doubt. *See id.* at 490. In this case, Mr. Caballero pled guilty to conspiring to possess with intent to distribute more than 100 kilograms of marijuana. The penalty for that crime provides for a term of imprisonment "which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(vii). Mr. Caballero was sentenced to 108 months, which is nine years and within the mandatory minimum and maximum terms for the crime to which he pled. Accordingly, the rule of *Apprendi* was not violated.

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal.  We discern no error in the district court's application of the guidelines.  Accordingly, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge