**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICK ALLEN WALKER,

Defendant - Appellant.

No. 03-3256
(D. Ct. No. 03-CR-20028-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant-Defendant Rick Allen Walker pleaded guilty, without signing a plea agreement, to one count of violating 18 U.S.C. § 1791(a)(1). Mr. Walker appeals the district court's application of a two-level sentencing enhancement

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to U.S. Sentencing Guidelines Manual § 3B1.3 (2002) ("U.S.S.G."). We take jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Walker was an anger management counselor at the United States Prison in Leavenworth, Kansas. State authorities arrested him during a sting operation for purchasing narcotics, which he smuggled into the prison for use by the inmates. A federal grand jury indicted Mr. Walker for "provid[ing] to an inmate of a prison a prohibited object, or attempt[ing] to do so[.]" 18 U.S.C. §1791(a)(1). Mr. Walker pleaded guilty.

The District Court sentenced Mr. Walker to 57 months' incarceration. In rendering its sentence, the District Court held that Mr. Walker rated an offense level of 25 with a criminal history level of I. In making this conclusion, the District Court applied a two-point, offense-level enhancement for "abus[ing] a position of public . . . trust[.]" U.S.S.G. § 3B1.3. This appeal followed.

## II. DISCUSSION

"When reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law de novo." *United States v. Hurlich*, 293 F.3d 1223, 1227 (10th Cir. 2002)

Mr. Walker contends that the District Court erred in relying on U.S.S.G. §

3B1.3 because it is foreclosed by U.S.S.G. § 2P1.2(b)(1). *See* U.S.S.G. § 2P1.2, Application Note 1 ("If the adjustment in § 2P1.2(b)(1) applies, no adjustment is to be made under § 3B1.3"). Mr. Walker contends that § 2P1.2(b)(1) applies because he worked for the Department of Justice as an anger management counselor. *See* U.S.S.G. § 2P1.2(b)(1) ("If the defendant was a law enforcement or correctional officer or employee, or an employee of the Department of Justice, at the time of the offense"). Therefore, Mr. Walker argues, § 2P1.2(b)(1) forecloses the abuse-of-trust enhancement of § 3B1.3, and the District Court should have set his offense level at 23. We need not decide this issue.

"[A] dispute about applicable Guidelines need not be resolved where the sentence falls within either of two arguably applicable Guideline ranges and the same sentence would have been imposed under either guideline range[.]" *United States v. Urbanek*, 930 F.2d 1512, 1515 (10th Cir. 1991) (quoting *United States v. Bermingham*, 855 F.2d 925, 931 (2d Cir. 1988)). Here, the 57-month sentence falls within either applicable range. A defendant with a criminal history level of I and an offense level of 25 may be sentenced to 57 to 71 months' incarceration. U.S.S.G. Ch. 5, Pt. A. On the other hand, a defendant with a criminal history level of I and an offense level of 23 may be sentenced to 46 to 57 months' incarceration. *Id*. The District Court also made clear that it would have sentenced Mr. Walker to 57 months even under the lower range, stating, "I would

have imposed the 57 month sentence even if [defense counsel's] objections to the presentence report . . . had been sustained."

## III.  CONCLUSION

Because the 57-month sentence falls within either guideline range and the District Court stated that it would have issued a 57-month sentence under either range, we need not resolve this dispute.  As such, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge