**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 14, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

HECTOR MANUEL AGUAYO-
GONZALEZ,

      Defendant-Appellant.

No. 03-2293
(D.C. No. CR-02-2080)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Hector Manuel Aguayo-Gonzalez was convicted by a jury of making a false

claim to United States citizenship, in violation of 18 U.S.C. § 911; illegal reentry

after having been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2); and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

assaulting, resisting, or impeding a federal officer, in violation of 18 U.S.C. § 111. On appeal, he argues that the district court plainly erred in calculating his sentence under the federal sentencing guidelines.[1] The government filed a Motion for Summary Disposition and to Abate Briefing Schedule, conceding an error was committed and asking us to remand the case for resentencing.

Mr. Aguayo-Gonzalez's counts of making a false claim of citizenship and illegal reentry arose out of the same act. Applying U.S.S.G. § 3D1.2(a), the presentence report (PSR) grouped these crimes together (Group I) to yield an adjusted offense level of 24, the adjustment resulting from his having been convicted of multiple counts. The PSR separately assigned the assault count (Group II) an adjusted offense level of 9. The PSR next applied the provisions of § 3D1.4, the section of the guidelines that addresses multiple criminal counts. It determined that Mr. Aguayo-Gonzalez should receive one unit for the crimes in Group I, and no units for the crime in Group II. Although § 3D1.4 states that one unit merits no increase of offense level, the PSR erroneously increased Mr. Aguayo-Gonzalez's offense level by one. Thus, instead of an offense level of 24

---

[1]In order to preserve the issue for Supreme Court review, Mr. Aguayo-Gonzalez also argues in his brief that the district court erred in sentencing him under the mistaken belief that the federal sentencing guidelines are mandatory rather than advisory, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). In particular, he argues for a less stringent plain error standard of review than the one adopted by this court in *United States v. Gonzales-Huerta*, 403 F.3d 727 (10th Cir. 2005) (en banc).

with a guidelines range of 63 to 78 months, Mr. Aguayo-Gonzalez was given a final adjusted offense level of 25 with a guidelines range of 70 to 87 months. Given his criminal history category was III, the district court sentenced him to 72 months imprisonment.

Because Mr. Aguayo-Gonzalez did not object to the PSR, we review the decision of the district court for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). To establish plain error, Mr. Najera-Morales must establish that the district court 1) committed error, 2) that was plain, and 3) that affected his substantial rights. *United States v. Cotton,* 535 U.S. 625, 631 (2002); *Gonzalez-Huerta*, 403 F.3d at 732. If the error meets these conditions, we may exercise our discretion to correct the error if it would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Cotton*, 535 U.S. at 631-32.

The government concedes the district court committed error because it miscalculated Mr. Aguayo-Gonzalez's guidelines sentence. Motion at 6 ("[Mr. Aguayo-Gonzalez] argues that the probation officer miscalculated his adjusted offense level under the sentencing guidelines. He is correct. [He] should not have received a one-level adjustment to his guideline offense level . . . ."). An error is plain where it is "clear or obvious" under "current, well-settled law." *United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000). The error committed by

the district court was plain.

In order to demonstrate an error affected substantial rights, a defendant must show "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). We have held that the use of a too-high guidelines range affects substantial rights under the plain error test. *Whitney*, 229 F.3d at 1308-09.

Under the fourth prong of plain error review, we possess discretion to notice a forfeited error. *Gonzalez-Huerta*, 403 F.3d at 736. We have held that an erroneously calculated guideline range compels a remand for resentencing. *United States v. Osuna*, 189 F.3d 1289, 1295 (10th Cir. 1999); *United States v. Urbanek*, 930 F.2d 1512, 1515-16 (10th Cir.1991). Moreover, the government concedes that the error in this case "was simply a mistake" and "in the interests of justice, does not ask this Court to affirm a sentence that was based on a mistake." Motion at 8. In these circumstances, we exercise our discretion and remand for correction of the mistake.

For the aforementioned reasons, we **GRANT** the government's motion, **REVERSE** the district court's determination of sentence, and we **REMAND** the case for further proceedings consistent with this opinion.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-