UNITED STATES of America, Plaintiff-Appellee,

v.

Ayodelle Anthony AIGBEVBOLLE, Defendant-Appellant.

No. 85–2327.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1987.

Susan Pennington, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., with her on the brief), Tulsa, Okl., for plaintiff-appellee.

June E. Tyhurst (Wesley G. Gibson with her on the brief), Asst. Federal Public Defenders, Tulsa, Okl., for defendant-appellant.

Before MOORE, SETH, and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Appellant Ayodelle Aigbevbolle appeals his convictions of two counts of mail fraud, contending it was legally impossible for him to commit mail fraud because he could not have obtained the fruits of his scheme to defraud. Appellant also argues the government violated his rights to due process and effective assistance of counsel when it failed to deliver witness statements to him well in advance of trial. We conclude that because the government proved the essential elements of the offense proscribed by 18 U.S.C. § 1341, devising or attempting to devise a scheme to defraud and use of the mails willfully with the intent to carry out an essential step of the scheme, the ultimate success of the scheme is irrelevant. We also agree with the district court that the government was in substantial compliance with the rules governing discovery and disclosure and conclude there was no violation of appellant's constitutional rights. Accordingly, we affirm appellant's convictions.

The charges of mail fraud arose out of a civil suit appellant filed against the Immigration and Naturalization Service and two of its investigators in which he alleged solicitation and bribery as well as other misconduct in the course of the investigators' dealings with him. He also contended the investigators illegally seized and retained his Nigerian passport. Appellant sought damages in the amount of two million dollars. As evidence supporting his allegations, appellant attached to his complaint a letter signed by his girlfriend, Cara Sue Ferrell, in which she stated the INS officials had solicited bribes and withheld appellant's passport.

The indictment charging appellant with mail fraud alleged that he "did devise and did intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, from the [INS and its investigators] by filing a false and fraudulent lawsuit against them, alleging solicitation of bribery and other misconduct." The basis of the first count of mail fraud was a letter appellant mailed to Ms. Ferrell in which he asked her to copy an enclosed script in her own handwriting in the form of a letter and to return it to him by mail for use as evidence in his civil case. Ms. Ferrell complied, and the resulting letter supplied the basis for the second count of mail fraud.

I.

During his criminal trial and at the close of the government's case, appellant moved for a judgment of acquittal based on the defense of legal impossibility. The district court denied the motion. Appellant reasserts his legal impossibility defense here, arguing that because the rules on hearsay would bar the introduction of Ms. Ferrell's fraudulent letter as evidence in his civil suit, it was legally impossible for him to defraud and "obtain money or property" within the meaning of § 1341.[1] Relying on several cases in which criminal convictions

---

1. In its brief, the government argues the letter was properly admissible under exceptions to the hearsay bar. We decline to decide the question, but for the purposes of this appeal, we assume the letter would be inadmissible.

were overturned on the ground of legal impossibility, he reasons that the inability to realize his scheme by garnering its fruits prevented consummation of the crime of mail fraud. We disagree.

Appellant's argument ignores the critical distinction between completion of the *offense* proscribed by § 1341 and the successful completion of his *scheme* to defraud. The offense has two elements: (1) the act of having devised or devising a scheme or artifice to defraud or attempt to defraud, and (2) use of the mails willfully to carry out an essential step of the scheme to defraud. *United States v. Curtis*, 537 F.2d 1091, 1095 (10th Cir.), *cert. denied*, 429 U.S. 962, 97 S.Ct. 389, 50 L.Ed.2d 330 (1976). The existence of the two elements in this case is undisputed. The government established that appellant contrived the fraudulent lawsuit with the objective of obtaining money and property from the INS and its agents and that he mailed a letter to Ms. Ferrell instructing her to place a letter in the mail as a step in accomplishing the scheme to defraud. Appellant does not deny the existence of the two elements, yet he constructs his appeal on the contended inability to successfully complete his scheme to defraud, guising the argument in the cloth of legal impossibility.[2]

The success or failure of a scheme to defraud is immaterial to a violation of § 1341. *Curtis*, 537 F.2d at 1095. Success of a fraudulent scheme is not an element of § 1341. *United States v. Hewes*, 729 F.2d 1302, 1321 (11th Cir.1984), *cert. denied*, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). The offense was completed when appellant devised his scheme to pursue the fraudulent lawsuit and placed in the mail the letter directing Ms. Ferrell to produce fictitious evidence to support his suit. Accordingly, we conclude appellant's convictions of mail fraud must be affirmed.

## II.

Appellant contends the district court's judgment should be reversed and a new trial ordered because his rights to due process and effective assistance of counsel were violated by the government's failure to deliver statements of its witnesses (Jencks Act material) until a few days before trial. He argues that given his limited resources for pretrial investigation resulting from his indigent status and his representation by court-appointed counsel, the district court abused its discretion in refusing his request to order production of the statements weeks before trial.

Appellant admits the government agreed to produce the statements in advance of the time limits prescribed the in Jencks Act, 18 U.S.C. § 3500, and by Fed. R.Crim.P. 26.2[3] and that, in fact, the statements were turned over to his trial counsel several days before trial. Yet, appellant persists in his contention the district court abused its discretion by refusing to order the production of witness statements well

---

**2.** Our disposition makes it unnecessary to specifically address the application of the legal impossibility defense to the facts of this case. However, we note that the cases appellant cites are inapposite. They deal with situations where the intended acts, even if completed, would not amount to a crime (*United States v. Berrigan*, 482 F.2d 171 (3d Cir.1973)) or address the distinction between mere preparation and the punishable attempt to commit a crime where there is a deficiency of proof of acts marking the defendant's conduct as criminal in nature (*United States v. Johnson*, 767 F.2d 673 (10th Cir. 1985); *United States v. Oviedo*, 525 F.2d 881 (5th Cir.1976)). Neither situation is presented by the instant case.

The facts here constitute factual impossibility, where extraneous circumstances unknown to the actor or beyond his control prevent consum- mation of the intended scheme. *Oviedo*, 525 F.2d at 883. We have stated: "Factual impossibility may fall away as a defense to [a charge] when adequate proof to commit a specific crime exists." *Johnson*, 767 F.2d at 675. There is no question in this case that appellant intended to commit the crime proscribed by § 1341.

**3.** The Jencks Act provides for discovery of statements of prosecution witnesses after direct examination of the witnesses at trial. If a statement cannot be produced under § 3500, it cannot be produced at all. *Palermo v. United States*, 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959). Rule 26.2 places in the criminal rules the substance of § 3500 and establishes procedures for production of defense witness statements. *See* Notes of Advisory Committee on Rules.

in advance of trial. He makes vague assertions that his rights to due process and effective assistance of counsel were violated, but he fails to point out how the delay between the requested production and the time the government produced the statements prejudiced his case or otherwise resulted in harm. "Jencks Act requirements do not rise *per se* to constitutional stature." *United States v. Haldeman,* 559 F.2d 31, 77 n. 111 (D.C.Cir.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (citing *Scales v. United States,* 367 U.S. 203, 258, 81 S.Ct. 1469, 1501, 6 L.Ed.2d 782 (1961)). The final decision on production rests within the good sense and experience of the trial judge. *Palermo v. United States,* 360 U.S. 343, 353, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959). In the absence of an indication the alleged delay in production of the statements had some consequence, we conclude the district court did not abuse its discretion.

AFFIRMED.