**UNITED STATES of America**

v.

**Anthony SANCHO, Defendant.**

**No. 95 Cr. 1052 (SAS).**

United States District Court,
S.D. New York.

Feb. 20, 1997.

Leonard F. Joy, Legal Aid Society, New York City, for Defendant.

Peter C. Sprung, Assistant United States Attorney, S.D.N.Y., New York City, for the Government.

SCHEINDLIN, District Judge:

Defendant moves for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. For the reasons set forth below, defendant's motion is denied.

## I. Factual and Procedural Background

On December 11, 1995, defendant was indicted on two counts of wire fraud under 18 U.S.C. §§ 1343 and 1346 (collectively, the "wire fraud statute"). The indictment charged that defendant devised or intended to devise a scheme to deprive the Tishman Construction Corporation ("Tishman") of the intangible right of honest services of someone defendant believed to be Tishman's consultant, and that defendant used interstate wires on November 19 and 21, 1995 in furtherance of this scheme.

On November 7, 1996, after a four day trial, a jury found defendant guilty of both counts of the indictment. The evidence at trial showed that defendant agreed to pay a $1.25 million bribe to an undercover officer (who defendant believed to be a consultant of Tishman) to induce Tishman to participate in a construction project, and that defendant concealed his agreement with the undercover officer from Tishman.

On the eve of trial, defendant moved to dismiss the indictment on the grounds that the government would not be able to prove an essential element of the offenses charged in the indictment: namely, that either defendant or the undercover officer owed a fiduciary duty to Tishman. *See* Letter from Steven M. Statsinger, Counsel to defendant, to the Court of October 30, 1992 at 2. I denied defendant's motion from the bench on November 4, 1996. *See* Trial Transcript ("Tr.") at 8. Defendant renewed his motion on the same grounds after the close of the government's case, and also argued that the indictment should be dismissed because the November 21 telephone call was not in furtherance of the scheme to defraud. *See* Tr. at 429–31. Both motions were denied.

## II. Applicable Legal Standards

### A. Standard of Review

■ Federal Rule of Criminal Procedure 29(a) states:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is

closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

Stated another way, a judgment of acquittal must be entered "if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt". *United States v. Mariani,* 725 F.2d 862, 865 (2d Cir.1984). Here, defendant alleges that the government failed to produce sufficient evidence with regard to an essential element of wire fraud, namely the existence of a fiduciary duty between the undercover officer and Tishman. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (government must introduce sufficient evidence to allow the jury to reasonably infer that each essential element of the crime charged has been proven beyond a reasonable doubt), *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).

### B. Necessary Elements of Wire Fraud

 The federal wire fraud statute states, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communications in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined ... or imprisoned ... or both.

18 U.S.C. § 1343 (1956). Therefore, the required elements of the offense are (1) a scheme to defraud; (2) money or property; and (3) use of the interstate wires to further the scheme. See *United States v. DiNome,* 86 F.3d 277, 283 (2d Cir.1996); *United States v. Mittelstaedt,* 31 F.3d 1208, 1216 (2d Cir. 1994), *cert. denied,* 513 U.S. 1084, 115 S.Ct. 738, 130 L.Ed.2d 640 (1995). A "scheme to defraud" may include a scheme to "deprive another of the intangible right of honest services." 18 U.S.C. § 1346 (1988). With regard to the second element, the government need not prove that the scheme successfully defrauded the intended victim. See *DiNome,* 86 F.3d at 283; *Mittelstaedt,* 31 F.3d at 1216. However, the government must establish that "some actual harm or injury was *contemplated* by the schemer." *DiNome,* 86 F.3d at 283 (quotation and citation omitted). Therefore, "fraudulent intent is essential to a scheme to defraud." *Id.* (quotation and citation omitted).

### III. Discussion

#### A. Scope of § 1346

Defendant argues that a non-employee may not be convicted under § 1346 for depriving a corporation of its right to the honest services of a person who did not in fact owe the corporation a fiduciary obligation. Defendant does not rest his argument on a claim of impossibility,[1] but rather on his interpretation of the scope of conduct Congress intended to proscribe under § 1346. See Defendant's Memorandum of Law in Support of Post–Verdict Motion ("Defendant's Memo") at 10. In his support, defendant cites, *inter alia, United States v. Herron,* 825 F.2d 50, 54 (5th Cir.1987) ("Strictly speaking, 'intangible rights fraud' required a fiduciary relationship between the 'schemer' and the party or entity defrauded; without a fiduciary obligation, there was no fraud in depriving another of an intangible benefit") and *United States v. Alexander,* 741 F.2d 962, 964 (7th Cir.1984) ("an intangible rights scheme is only cognizable [under § 1346] when at least one of the schemers has a fiduciary relationship with the defrauded person or entity"), *overruled on other grounds by United States v. Ginsburg,* 773 F.2d 798 (7th Cir.1985). From these and other cases, defendant deduces that a fiduciary duty must exist and be "corrupted" for culpability to attach under

---

1. Impossibility is not a defense under the Wire Fraud Act. *See, e.g., United States v. Ames Sintering Co.,* 927 F.2d 232, 235 (6th Cir.1990). As I stated in my November 4 ruling, "[i]t is not of consequence that Sancho's interaction with a government agent made his scheme to deprive the construction firm of honest services impossi-

ble to complete. The bottom line is that Sancho contrived a scheme to defraud the construction firm of the honest services of someone Sancho thought was the firm's consultant, and used an interstate wire in furtherance of that scheme." Tr. at 8–9.

§ 1346. In support of his argument, defendant relies primarily on cases that are not controlling in this jurisdiction, and each case he cites was decided before § 1346 was enacted.[2] Defendant concedes that the Second Circuit has never ruled that § 1346 requires the government to establish the existence of a fiduciary relationship between one of the "schemers" and the defrauded person or entity. *See* Defendant's Memo at 14, 16.

It may be true, as defendant asserts, that no person has yet been prosecuted under the wire fraud statute for attempting to bribe someone who was actually an undercover officer rather than the intended victim's employee.[3] Yet a plain reading of the wire fraud statute indicates that there is no requirement that the government establish a fiduciary relationship of any kind to pursue a § 1343 conviction. The 1988 amendment to the wire fraud statute states only: "For the purposes of this chapter, the term scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. The statute does not expressly limit culpability to cases involving schemes to deprive another of "honest services *of a fiduciary.*" There is simply no indication from the text of §§ 1343 and 1346 that a necessary element of wire fraud is the existence of an actual fiduciary duty.

Defendant argues that the Second Circuit has indicated that it would not allow § 1343 to be "expanded" to cover a case of wire fraud that does not involve the corruption of

an employee's fiduciary duty. It is true that courts should not expand the scope of criminal liability beyond the range of conduct Congress intended to proscribe by interpreting ambiguous statutory language in the government's favor. *See United States v. Von Barta,* 635 F.2d 999, 1001 (2d Cir.1980) (citing *United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 5 L.Ed. 37 (1820)), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). However, it is equally inappropriate to constrict the scope of criminal liability by requiring the government to prove elements not required by the statute itself.

Although § 1346 was enacted in 1988, the Second Circuit has never addressed the question of whether § 1346 covers only the "honest services" of fiduciaries, as defendant now argues. However, the mere fact that a case is atypical[4] does not require a judgment of acquittal. A review of Second Circuit wire fraud cases requires that the defendant's position be rejected.

If the government was required to prove that defendant's scheme was capable of actually harming his intended victim by depriving it of honest services to which it was entitled, it would follow that the government was required to show the existence of an actual fiduciary relationship between the "corrupted" employee and the victim. If the intended victim has no actual right to the employee's honest services, the defendant's scheme cannot be said to *actually* harm the victim by depriving the victim of those honest services.

---

**2.** § 1346 was enacted on November 18, 1988 to overrule the Supreme Court's holding in *McNally v. United States,* 483 U.S. 350, 356, 107 S.Ct. 2875, 2879, 97 L.Ed.2d 292 (1987), that the mail fraud statute did not encompass "intangible rights". Defendant also cites John E. Gagliardi, *Back to the Future: Federal Mail and Wire Fraud Under 18 U.S.C. § 1346,* 68 Wash. L.Rev. 901, 920 (1993) (arguing that courts should restrict § 1346 to cases involving breaches of fiduciary duties. that have a reasonable foreseeability of causing pecuniary harm).

**3.** However, the Sixth Circuit has upheld a conviction under § 1343 where a defendant's bid-rigging scheme involved only the attempted "corruption" of an employee who was cooperating with the government. *See Ames Sintering Co.,* 927 F.2d at 233–34, 236. While this case may be distinguished because the employee did owe a

duty of loyalty to the corporation, it is relevant here to the extent that the employee could not be "corrupted" as he was acting as a government agent.

**4.** My research and that of the parties has uncovered only one similar case. In *United States v. Yonan,* 622 F.Supp. 721 (N.D.Ill.1985), the defendant was convicted of scheming to defraud the public of its right to the honest services of public officials even though his scheme involved only an attempt to bribe an undercover agent posing as a corrupt prosecutor. Finding that the mail fraud statute "speaks of an individual's devising a scheme, not of two or more persons entering into a conspiracy" the *Yonan* court held that no actual fiduciary duty on the part of the undercover agent was required as long as the defendant believed he was bribing a public official. *Id.* at 731.

Yet, as noted in Part II of this Opinion, § 1343 does not require a defendant to have actually defrauded the intended victim, or that a defendant's scheme was capable of doing so. The essence of the wire fraud act is the defendant's *intent to defraud*, and the scheme he perpetrates in furtherance of that intent, and not the actual corruption of an employee. *See DiNome*, 86 F.3d at 283 (fraudulent intent is essential to scheme to defraud; success of the scheme is not necessary element); *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir.1994) (same); *Mittelstaedt*, 31 F.3d at 1216 (same). It is for exactly this reason that impossibility is not a defense under § 1343. *See Ames Sintering Co.*, 927 F.2d at 235; *United States v. Aigbevbolle*, 827 F.2d 664, 666 (10th Cir.1987).

Here, the evidence produced at trial directly supported the government's allegation that defendant attempted to defraud Tishman by bribing someone defendant thought was a consultant to Tishman. Thus, the government has established that defendant intended to defraud Tishman of the honest services of its consultant. Accordingly, the government's proof satisfies every essential element of wire fraud under §§ 1343 and 1346.

### B. The November 21 Phone Call

Defendant argues that a judgment of acquittal on Count Two is required because the November 21, 1995 telephone call occurred after the completion of the alleged scheme to defraud and therefore was not "in furtherance" of the scheme to defraud Tishman. *See* Defendant's Memo at 32. The gist of this argument is as follows. Defendant's scheme was intended to induce the undercover officer to make a favorable recommendation to Tishman. At the beginning of the November 21, 1995 telephone call, the undercover officer informed defendant that he had already made a favorable recommendation to Tishman. Thus, defendant had obtained what he sought, and the scheme was complete at that time. *See* Defendant's Memo at 32–33.

■ Defendant's argument fails because his scheme was not limited to obtaining a favorable recommendation from the under-

cover officer. Defendant also intended to pay the undercover officer a bribe for his participation in defendant's scheme. *See* Tr. at 36–37. As the bribe was an integral part of defendant's scheme, any conversation between defendant and the undercover officer regarding how the bribe would be made were "in furtherance" of the defendant's overall scheme. *Cf. United States v. Azeem*, 946 F.2d 13, 16 (2d Cir.1991) ("A conspiracy continues after the occurrence of the underlying offense and is not completed until the conspirators receive their payoffs"). Defendant concedes that the November 21, 1995 telephone conversation between defendant and the undercover officer touched on how defendant would structure the bribe payments to avoid creating the appearance of a conflict of interest. *See* Tr. at 431, 437. The November 21 telephone call was therefore also a part of defendant's scheme to conceal his attempt to bribe the undercover officer from Tishman. *Cf. United States v. Eisen*, 974 F.2d 246, 269 n. 8 (2d Cir.1992) (acts or statements designed to conceal ongoing conspiracy are in furtherance of that conspiracy), *cert. denied*, 507 U.S. 1029, 113 S.Ct. 1840, 1841, 123 L.Ed.2d 467 (1993). A judgment of acquittal with regard to Count Two is not warranted on the ground that the November 21 telephone call was not "in furtherance" of defendant's scheme.

## IV. Conclusion

For the foregoing reasons, defendant's Rule 29(c) motion for a judgment of acquittal is denied.

SO ORDERED.