**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

ROMAN DEVON HANKINS, aka
"Mann,"

      Defendant-Appellant.

No. 96-5207

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-CR-148-2-C)

---

Jeffrey D. Fischer, Tulsa, Oklahoma, for Defendant-Appellant.

Allen J. Litchfield, Assistant United States Attorney (Stephen C. Lewis, United
States Attorney, with him on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before BALDOCK, KELLY, and BRISCOE, Circuit Judges.

---

KELLY, Circuit Judge.

---

      Defendant-Appellant, Roman Devon Hankins, appeals from his sentence

imposing a two-level obstruction of justice enhancement pursuant to § 3C1.1 of

the Sentencing Guidelines.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2) and we affirm.

## Background

From late 1991 until late 1995, Mr. Hankins participated in a conspiracy to distribute cocaine, purchasing large amounts of powder and crack cocaine for redistribution in Tulsa, Oklahoma.  On December 12, 1995, F.B.I. agents arrested him and found a key to a storage facility on his person.  The agents had information from a confidential informant that Mr. Hankins hid large amounts of cash in a storage facility to be used to purchase cocaine for redistribution.

On December 13, 1995, authorities executed a search warrant at the residence of Mr. Hankins's mother and found a receipt for the rental of a storage facility.  Later on December 13, 1995, and unbeknownst to Mr. Hankins, authorities searched the storage facility and recovered $167,260 in U.S. currency. On December 14, 1995, during pre-trial detention, Mr. Hankins placed a phone call from the Tulsa County Jail to his sister, which was monitored and recorded by the F.B.I.  He gave his sister and others various instructions:  obtain bolt cutters, go to the storage facility (without being followed), cut the two locks on the door, and remove the cash.  He emphasized to her that he was counting on this and wished they could remove the cash soon so that he could get some sleep.

On February 8, 1996, a grand jury returned a second superseding indictment charging Mr. Hankins with one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)and 846. On February 14, 1996, he pleaded guilty and was sentenced to 230 months imprisonment. He received a two-level obstruction of justice enhancement under § 3C1.1 based on his effort to have the cash removed from the storage facility. See USSG § 3C1.1. On appeal, he contends that the district court incorrectly interpreted and misapplied § 3C1.1 because his attempted obstruction was (1) factually impossible, and (2) contemporaneous with his arrest but not a material hindrance to the investigation as required.

<u>Discussion</u>

In evaluating Mr. Hankins's arguments, we review the district court's factual determinations concerning the obstruction of justice enhancement for clear error only. <u>United States v. Farnsworth</u>, 92 F.3d 1001, 1009 (10th Cir.) (citing <u>United States v. Gomez-Arrellano</u>, 5 F.3d 464, 465 (10th Cir. 1993)), <u>cert. denied</u>, 117 S. Ct. 596 (1996). We give due deference to the district court's application of the Guidelines to the facts and its ability to judge the credibility of the witnesses upon whose testimony it relied. <u>Id.</u> (citing 18 U.S.C. § 3742(e)). Our review of the district court's legal interpretation of the sentencing guidelines,

however, is de novo.  See United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994).

Section 3C1.1 mandates a two-level offense increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense . . . ."  USSG § 3C1.1.  Whether conduct amounts to an attempted obstruction of justice may be determined by reference to the commentary's non-exhaustive list of examples of included and excluded conduct.  See USSG § 3C1.1 comment. (n.2).  At the same time, § 1B1.3(a) demonstrates an "intent to give courts the discretion to consider a broad range of conduct in making adjustments."  United States v. Williams, 879 F.2d 454, 457 (8th Cir. 1989); see USSG § 1B1.3(a).  Furthermore, "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness."  USSG § 3C1.1 comment. (n.2).  Most relevant here is application note 3(d), which provides that this enhancement applies where a defendant's conduct includes:

> destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding . . ., or attempting to do so; however, if such conduct occurred contemporaneously with arrest . . ., it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender . . . .

USSG § 3C1.1 comment. (n.3(d)).

- 4 -

Mr. Hankins contends that his instructions did not constitute an attempt because the authorities had already seized the evidence, rendering his endeavor factually impossible. We disagree and hold that the general rule that factual impossibility is not a defense to criminal attempt applies to § 3C1.1.

Factual impossibility is generally not a defense to criminal attempt because success is not an essential element of attempt crimes. See United States v. Aigbevbolle, 827 F.2d 664, 666 (10th Cir. 1987); United States v. Johnson, 767 F.2d 673, 675 (10th Cir. 1985); Osborn v. United States, 385 U.S. 323, 332-33 (1966); Wayne R. La Fave & Austin W. Scott, Jr., Criminal Law § 6.3(a)(2) (2d ed. 1986) ("All courts are in agreement that what is usually referred to as 'factual impossibility' is no defense to a charge of attempt."). Where intent and conduct evidence an attempt, one should not escape responsibility merely because he could not effectuate the intended result, due to some fortuitous circumstance not apparent to him when he acted. See People v. Moran, 25 N.E. 412, 412-13 (N.Y. 1890). Likewise, factual impossibility is generally not a defense to an attempted obstruction enhancement because success is also not an essential element of attempt under § 3C1.1. See USSG § 3C1.1; Rowlett, 23 F.3d at 306 ("Under the foregoing Guidelines provision, an obstruction of justice enhancement may be made . . . regardless of whether actual hindrance to an official investigation or

prosecution results."); <u>United States v. Flores-Flores</u>, 5 F.3d 1365, 1369 (10th Cir. 1993).

We would caution that particularly in the face of an allegation of impossibility, the government must produce adequate proof of intent to commit a crime. <u>See</u> <u>Johnson</u>, 767 F.2d at 675 (citing <u>United States v. Conway</u>, 507 F.2d 1047, 1050 (5th Cir. 1975)). Evidence of such an intent "may be coupled with proof of a defendant's acts which stamp his conduct as criminal in nature." <u>Id.</u> at 675 (citing <u>United States v. Oviedo</u>, 525 F.2d 881, 885 (5th Cir. 1976)). To ensure that innocent conduct is not punished, "[t]he acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law." <u>Id.</u> at 675 (quoting <u>Oviedo</u>, 525 F.2d at 885)).

The government produced ample evidence of Mr. Hankins's intent to destroy or conceal evidence. Mr. Hankins's telephone call instructing his sister and others to use bolt cutters, avoid being followed, and remove evidence of his offense so that he could sleep better at night, III R. 44, evinced sufficiently unique, conscious action with a purpose of obstructing justice. <u>See</u> <u>United States v. Gardiner</u>, 931 F.2d 33, 35 (10th Cir. 1991) (stating relevant intent requirement) (citing <u>United States v. Stroud</u>, 893 F.2d 504, 507 (2d Cir. 1990)). Factual impossibility is therefore no defense to Mr. Hankins's attempted obstruction of justice enhancement.

Mr. Hankins relies upon two Ninth Circuit opinions to argue that the obstruction enhancement is only proper if his attempt was factually possible. See United States v. Draper, 996 F.2d 982, 986 (9th Cir. 1993); United States v. Baker, 894 F.2d 1083, 1084 (9th Cir. 1990). He suggests that the court's use of the phrase "potential to obstruct" imposes the additional requirement that the attempt be possible. We differ with his reading of these opinions.

These opinions upheld attempted obstruction enhancements despite lack of success, reasoning that the conduct involved nevertheless had the "potential to obstruct." See Draper, 996 F.2d at 986; Baker, 894 F.2d at 1084. Thus, these cases simply stand for the proposition that an enhancement is proper where the conduct involved, if successful, could have obstructed justice. See Draper, 996 F.2d at 986; Baker, 894 F.2d at 1084; cf. Flores-Flores, 5 F.3d at 1369. We decline to draw a distinction based on these cases between obstruction attempts that are foiled by the authorities after the fact and those that happen to be foiled, unbeknownst to the defendant, before the fact. Conduct in both scenarios can be of the nature which, if successful, would have the potential to obstruct justice.

Mr. Hankins also contends that his attempted obstruction was contemporaneous with his arrest, thus triggering the commentary's "material hindrance" requirement. USSG § 3C1.1 comment. (n.3(d)). He argues that there could have been no such hindrance because the authorities already had seized the

evidence hidden in the storage facility. The district court implicitly found that Mr. Hankins's obstructive conduct was not contemporaneous with his arrest and this finding was not clearly erroneous. "Contemporaneous" for purposes of § 3C1.1 has been construed to encompass obstructive conduct just prior to arrest, as when the police are at the defendant's door. See United States v. Perry, 991 F.2d 304, 312 (6th Cir. 1993). Unlike that in Perry, Mr. Hankins's conduct two days after his arrest was not "contemporaneous" within the meaning of the term in § 3C1.1, and the material hindrance requirement was therefore not triggered. See Rowlett, 23 F.3d at 306.

Lastly, Mr. Hankins relies upon United States v. Savard, 964 F.2d 1075 (11th Cir.), cert. denied, 506 U.S. 928 (1992), and argues that an obstruction of justice enhancement is improper based on "conduct which is incapable of ripening by virtue of factual barriers." Aplt. Brief at 8. Savard is of no help to Mr. Hankins. In Savard, the court found that the defendant's attempt was contemporaneous with his arrest, triggering the "material hindrance" requirement. This requirement was not met because the authorities already possessed all of the information the defendant attempted to conceal. See id. at 1078-79. Under § 3C1.1, whether Mr. Hankins's non-contemporaneous attempt materially hindered the investigation is irrelevant. See Rowlett, 23 F.3d at 306 ("Only where such conduct 'occurred contemporaneously with arrest' does the

enhancement hinge on whether 'it resulted in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender.'") (citing USSG § 3C1.1 comment. 3(d)).

Mr. Hankins's motion for leave to file a supplemental brief arguing that his counsel was ineffective is DENIED. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (ineffective assistance of counsel claim should be pursued in collateral proceedings and not on direct appeal, where it is subject to presumptive dismissal without prejudice). His motion to supplement the record is GRANTED.

AFFIRMED.