**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

PATRICK J. JONES,

        Defendant-Appellant.

No. 98-4183

(D.C. No. 98-CR-73-W)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Patrick J. Jones was convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). At sentencing, the district court adjusted Defendant's sentence upward two levels for obstruction of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

justice and two levels for reckless endangerment during flight pursuant to United States Sentencing Guidelines §§ 3C1.1 and 3C1.2, and it denied an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1.  Having applied the two 2-level enhancements, the district court calculated Defendant's total offense level at 28 and his criminal history category at VI, qualifying him for a sentence of 140 to 175 months.  The statutory maximum for Defendant's offense, however, was 120 months.  See 18 U.S.C. § 924(a)(2).  The district court conceded that the two enhancements were "arguable points" but reasoned that even if Defendant's conduct did not merit the enhancements it warranted the greatest sentence possible within the otherwise applicable guideline range of 100 to 125 months (total offense level of 24 and criminal history category of VI), which was still five months greater than the statutory maximum.  R., Vol. III at 7.  The district court concluded that Defendant had "no realistic chance" of receiving a sentence below the statutory maximum, id., and sentenced Defendant to 120 months.

Defendant appeals the district court's application of the obstruction of justice adjustment under U.S.S.G. § 3C1.1 (1997).  Without that adjustment, Defendant would have qualified for a sentence of 120 to 150 months (total offense level of 26 and criminal history category of VI) instead of a sentence of 140 to 175 months.  See U.S.S.G. Ch. 5 Pt. A.  We exercise jurisdiction over this appeal under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291.

Defendant argues that he never took the affirmative action required by § 3C1.1 to incur the penalty of an obstruction of justice enhancement. He also contends that the district court erred in finding that the trial testimony of defense witness Carrie Lee Derbin was false and untruthful and that the district court erred in attributing Ms. Derbin's testimony to him for purposes of the obstruction of justice enhancement. We review the district court's interpretation of the Sentencing Guidelines de novo. See United States v. Hankins, 127 F.3d 932, 934 (10th Cir. 1997). However, we review the district court's factual determinations only for clear error and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); see also Hankins, 127 F.3d at 934.

Defendant first argues that the district court misinterpreted § 3C1.1 by applying it to his passive participation in Ms. Derbin's testimony. He believes that a defendant "must take some affirmative action to incur the penalty of [§] 3C1.1." Appellant's Br. at 13. Section 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by **2** levels." U.S.S.G. § 3C1.1 (1997). Application Note 3(b) of § 3C1.1 includes "committing, suborning, or attempting to suborn perjury" in its non-exhaustive list of examples of the types

-3-

of conduct to which the enhancement applies.  Id. § 3C1.1 comment. (n.3(b)).

Application Note 8 instructs that "the defendant is accountable for his own

conduct and for the conduct that he aided or abetted, counseled, commanded,

induced, procured, or willfully caused." Id. § 3C1.1 comment. (n.8).  There does

not appear to be an active/passive act distinction in the language of the guideline

as Defendant suggests.  Cf. United States v. Sergio, 734 F. Supp. 842, 846 (N.D.

Ind. 1990) ("[T]here may be cases in which a defendant's passive conduct may

warrant enhancement.").  However, without deciding whether the guideline does

in fact provide for such a distinction, we conclude that the district court did not

limit its characterization of Defendant's conduct during trial to passive

participation.  At sentencing, the district court faulted Defendant for subpoenaing

Ms. Derbin and allowing her to lie while on the witness stand.  The court further

determined that there was "no way" Ms. Derbin could have come up with her

"false story" without the Defendant's participation.  R., Vol. III at 6-7.  We

conclude that the district court did not misinterpret § 3C1.1.

Defendant also asserts that Ms. Derbin's testimony was not perjurious.[1]

---

[1]The district court did not explain whether Ms. Derbin's testimony satisfied all the elements of perjury.  Section 3C1.1, however, does not require any particular conclusion of law as to the testimony or obstruction in question.  See United States v. Beaulieu, 900 F.2d 1531, 1535 (10th Cir. 1990) (holding that "[t]he Guidelines do not require 'findings' for *adjustments* more specific than" general findings of fact).  The application notes merely illustrate the type of conduct to which the enhancement is intended to apply, supplying also a list of

-4-

The district court, however, determined that the testimony Ms. Derbin presented at trial was not only false but was completely inconsistent with the story Defendant gave to the FBI after his arrest and with his post-conviction admission to the U.S. Probation Officer who compiled his presentence report. In those two statements, Defendant admitted that he knew the gun was in the car he was driving when officers attempted to arrest him on an outstanding warrant, that he handled the gun, and that he was the one who placed it in the car.[2] See id., Vol. II at 81-82; Addendum to Presentence Report at 2. Contrary to Defendant's statements, Ms. Derbin testified at trial that she both purchased the gun in

less serious conduct to which the enhancement may not apply, but which may sanction a greater sentence within the otherwise applicable guideline range. In the record, the district court referred to perjury and suborning perjury when describing the guideline for the obstruction of justice enhancement. Though the district court did not call Ms. Derbin's testimony perjury, it treated the testimony as if it were perjury or at least fit into the non-exhaustive list of more serious conduct which would warrant an obstruction of justice enhancement. The district court also concluded that Defendant participated in Ms. Derbin's testimony. Although it never called Defendant's participation suborning perjury, the court treated his involvement as if it were the suborning of perjury, or at least fit into the same non-exhaustive list of more serious conduct which would warrant the obstruction of justice enhancement.

[2]We note that Defendant's two statements are not necessarily consistent with each other. To the FBI agent, Defendant admitted that he placed the gun in the car. See R., Vol. II at 82. The probation officer reported, however, that while Defendant admitted his guilt after he was convicted, he stated that he knew the gun was in the car but did not know who put it there. See Addendum to the Presentence Report at 2. The discrepancy between the statements is inconsequential to the issue at hand because Ms. Derbin's testimony is inconsistent with both statements.

question the day before Defendant was arrested and had left it hidden in the car Defendant was driving when officers attempted to arrest him. See R., Vol. II, at 90, 92-93, 100. These inconsistencies constitute ample evidence to suggest that Ms. Derbin's testimony was concocted. The district court did not clearly err in finding that Ms. Derbin's testimony was false and perjurious. See, e.g., Beaulieu, 900 F.2d at 1535 (indicating that evidence at trial contradicting defendant's testimony is a valid basis for affirming obstruction of justice determination).

Finally, Defendant argues that the district court's findings concerning his participation in Ms. Derbin's testimony were not supported by sufficient and reliable evidence. During sentencing, the district court admitted the lack of any specific evidence that the Defendant had asked Ms. Derbin to tell her false story, see R., Vol. III at 6, and conceded that its application of the obstruction of justice enhancement was an "arguable point[]." Id. at 7. The district court attributed the procuring of Ms. Derbin's testimony to the Defendant, however, on the evidence of the close relationship that existed between them, their commiseration while Ms. Derbin shielded the Defendant during a five- or six-hour police standoff, and because Defendant then subpoenaed Ms. Derbin from Washington to testify at his trial. Id. at 6-7. "Circumstantial evidence is a sufficient basis on which the district court may impose an obstruction of justice enhancement under § 3C1.1." United States v. Sisti, 91 F.3d 305, 313 (2d Cir. 1996); see also United States v.

-6-

Cody, 7 F.3d 1523, 1527 (10th Cir. 1993) ("A sentencing court may consider any reliable source of information that has some minimum indicia of reliability."). The facts necessary to support an obstruction of justice enhancement need be proven only by a preponderance of the evidence. See United States v. Pelliere, 57 F.3d 936, 938 (10th Cir. 1995) ("The government must prove by a preponderance of the evidence any sentence enhancement it asserts the court should grant."). After reviewing the record, we believe that the evidence relied upon by the district court was clearly strong enough to support the finding that Defendant participated in and suborned Ms. Derbin's false testimony.

In conclusion, we point out the futility of Defendant's arguments. The district court made it clear during sentencing that Defendant's conduct warranted the greatest sentence possible. See R., Vol. III at 7 (discussing the applicability of application note 4 to § 3C1.1 which states that "[s]ome types of conduct ordinarily do not warrant application of this enhancement but may warrant a greater sentence within the otherwise applicable guideline range"). The district court correctly observed, however, that the statutory maximum trumps the upper range of the otherwise applicable guidelines. See id. Even if we were to conclude that the district court erred in adjusting Defendant's offense level upward two levels for obstruction of justice, we cannot say that the court erred in sentencing Defendant to the statutory maximum of 120 months.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge