F I L E D
United States Court of Appeals
Tenth Circuit

NOV 24 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

STEVEN A. HUTCHINSON,

        Defendant-Appellant.

No. 99-3063

(D. C. No. CIV 98-40081-SAC)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, and **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The defendant Steven A. Hutchinson appeals the district court's imposition of an two-level increase in his offense level for obstruction of justice pursuant to § 3C1.1 of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States Sentencing Guidelines.  We conclude that the district court properly applied § 3C1.1 and affirm his sentence.

## I.  BACKGROUND

In September 1998, the government charged Mr. Hutchinson with three drug-related offenses.  After Mr. Hutchinson's arrest, a magistrate judge order his pre-trial release subject to certain restrictions.  The magistrate required Mr. Hutchinson to live with his brother during his pre-trial release, to work full-time with his brother, to maintain a curfew, and to refrain from travel unless accompanied by one of his brothers.

While on release, Mr. Hutchinson entered into a plea agreement under which he pleaded guilty to one count of possession of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The court continued his release until sentencing, subject to the prior restrictions.

On October 31, 1998, Mr. Hutchinson left his brother's home, in direct violation of the conditions of his release.  On November 13, 1998, law enforcement agents rearrested him after finding him asleep in his home in Salina, Kansas.  Mr. Hutchinson  remained in custody until sentencing.

At sentencing, the district court overruled Mr. Hutchinson's objection to the two-level enhancement for obstruction of justice pursuant to  § 3C1.1.  The district court reasoned that "the defendant violated the terms of his post-conviction/pre-sentence

2

release by absconding for approximately two weeks until being apprehended by law enforcement officers." Rec. vol. III, doc. 39, at 3 (Transcript of Sentencing, Jan. 28, 1999). The court rejected Mr. Hutchinson's argument that, because he did not hamper or delay any proceedings by violating his bond restrictions, he did not obstruct justice. The court reasoned that "[t]he fact that the defendant was quickly apprehended is a testament to the efforts of law enforcement and not a basis for rewarding this defendant." Id. at 4.

.

## II. DISCUSSION

On appeal, Mr. Hutchinson argues that he did not obstruct or attempt to obstruct justice when he left his brother's home. Because he returned to his own home, a place where he could easily be found, he maintains that he violated the restrictions only to escape the familial tensions he was encountering while living with his brother. Mr. Hutchinson's argument does not challenge the district court's factual findings, and we therefore engage in de novo review of the district court's legal interpretation of the Guidelines. See United States v. Hankins, 127 F.3d 932, 934 (10th Cir. 1997).

Section 3C1.1 of the Guidelines is strict, providing that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice," then a two level increase in the offense level is warranted. The accompanying commentary notes that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S.S.G. § 3C1.1 comt. n.3. The commentary also provides

3

a non-exhaustive list of the types of conduct that are considered obstructive. "[E]scaping or attempting to escape from custody before trial or sentencing" constitutes an obstruction of justice." Id. cmt.n.4(e) (emphasis added). Congress has mandated the Sentencing Guidelines, and we must follow that mandate.

In applying this strict language, this circuit has held that an attempted escape before a sentencing on a firearms charge warrants the § 3C1.1 enhancement and that "nothing more is required." United States v. Amos, 984 F.2d 1067, 1072 (10th Cir. 1993). Other circuits have interpreted § 3C1.1 in a similar manner. See, e.g., United States v. Defeo, 36 F.3d 272, 276-77 (2d Cir. 1994) (concluding that the defendant's failure to report to pretrial services constituted an obstruction of justice "even though her fugitive status did not delay sentencing and was not intended to obstruct justice"); United States v. Draper, 996 F.2d 982, 986 (9th Cir. 1993) (upholding two level enhancement under § 3C1.1 and noting that "it is irrelevant whether justice is actually obstructed or impeded").

In this case, Mr. Hutchinson violated his presentence release restrictions by escaping from the custody of his brother for approximately two weeks. In explaining that the reason he left his brother's home was to relieve himself of familial tensions, Mr. Hutchinson has admitted that he intentionally violated the court-imposed conditions. Although Mr. Hutchinson was found before any court proceedings were hampered or delayed, that is irrelevant to this determination. His escape from the court-imposed

restrictions constitutes an obstruction of justice under § 3C1.1 of the Sentencing Guidelines.

### III.  CONCLUSION

We therefore must AFFIRM Mr. Hutchinson's sentence.


Entered for the Court,

Robert H. Henry
Circuit Judge

5