**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARRY W. CONE,

    Defendant-Appellant.

No. 99-5162
(N.D. Okla.)
(D.Ct. No. 98-CR-178-H)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Barry W. Cone appeals his sentence after pleading guilty to one

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of bank fraud under 18 U.S.C. § 1344. On appeal, Mr. Cone argues the district court improperly increased his sentence under United States Sentencing Guideline § 3C1.1 for obstruction of justice and denied his request for a sentence reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

The criminal activity for which Mr. Cone received a six-count indictment involved his conduct in giving several banks false information in order to secure loans. The banks did not adequately verify this information and extended loans to Mr. Cone in an amount totaling over one million dollars during an eight-month period. Following an investigation, authorities subsequently issued an indictment against Mr. Cone. Pursuant to a plea agreement, Mr. Cone pled guilty to one count of the indictment for bank fraud under 18 U.S.C. 1344(1).

In an interview with the probation officer, Mr. Cone admitted his criminal conduct and provided a statement consistent with the facts of the case. He later also provided information on payments he made on the loans for the purpose of determining the correct amount owed in restitution. Among the information and documents provided, Mr. Cone gave the probation officer two checks drawn on his account at Islanders Bank. On the first check, made payable to Islanders Bank

in the amount of $7,274.62, Mr. Cone wrote "Payment 219040961," which is the loan number for the loan Mr. Cone received from that bank. However, the probation officer determined, as verified by Mr. Cone's counsel at the sentencing hearing, that Mr. Cone made the notation prior to giving the check to the probation officer and did not use the check to make a payment on the loan, but rather to purchase a $7,200 cashier's check made payable to a third party. The probation officer found Mr. Cone made the notation in an attempt to reduce the amount of restitution payable to his victims.

Mr. Cone gave the second check, made payable to Skagit Bank in the amount of $500, to the probation officer with the representation he used it to make a payment on a loan with that bank. However, Mr. Cone actually deposited the check into his account at that bank and received $300 in cash back from the deposit, instead of making a payment on his loan. In fact, Mr. Cone himself never made a payment on either of the two loans in question.

Based on these facts, the probation officer found Mr. Cone's conduct constituted an attempt to obstruct the presentence investigation by providing materially false information, thereby qualifying him for a two-level increase in his sentence for obstruction of justice and making him ineligible for a reduction for

acceptance of responsibility. Mr. Cone objected to the presentence report, noting the two checks he inadvertently misrepresented constituted only a part of his ongoing effort to assist the probation office, and he submitted them knowing the probation office would independently verify them. He also argued submission of the two checks did not affect his acknowledgment of wrongdoing, because he submitted them only in an attempt to determine what amount he owed in restitution to his victims.

The district court found Mr. Cone qualified for an obstruction of justice increase in his sentence under U.S.S.G. § 3C1.1. In so finding, the district court rejected Mr. Cone's objections to the presentence report as well as his sentencing hearing argument that no evidence showed a willful or knowing attempt to mislead the probation officer. Specifically, the district court rejected Mr. Cone's hearing argument that he did not willfully attempt to mislead because (1) most of the information he provided correctly showed a reduction of the restitution amount; (2) he knew the probation officer would investigate and verify the amount; (3) he would not intentionally risk increasing his sentencing for a mere $7,000 deduction in restitution; and (4) he could not recall the circumstances of his loan repayments given the amount and number of loans he received. In rejecting these contentions, the district court also found Mr. Cone ineligible for a

§ 3E1.1 reduction in his sentence for acceptance of responsibility. The district court noted only rare circumstances permit eligibility for such a reduction when obstruction of justice occurs. The district court found no rare circumstance existed and that Mr. Cone's conduct in falsely representing the checks, for the purpose of reducing his restitution amount, was consistent with his conduct in providing the banks with false information to obtain the loans. The district court sentenced Mr. Cone to twenty-two months in prison.[1]

On appeal, Mr. Cone renews the same arguments presented to and addressed by the district court. Most specifically, he renews his contention no evidence of willfulness existed to support the sentence increase for obstruction of justice. He also claims he is eligible for a reduction in his sentence for acceptance of responsibility, regardless of whether he obstructed justice, because this is an "extraordinary case" and his conduct in presenting the checks was not inconsistent with his acceptance of responsibility.

## A. Obstruction of Justice

We review the district court's factual determinations on obstruction of

---

[1] As Mr. Cone requested, the district court sentenced him to the low end of the sentencing range of twenty-one to twenty-seven months in prison.

justice for clear error, giving due deference to the district court's application of the sentencing guidelines to the facts. *United States v. Hankins*, 127 F.3d 932, 934 (10th Cir. 1997). We review *de novo* the district court's legal interpretation of the sentencing guidelines. *Id.* United States Sentencing Guideline § 3C1.1 mandates a two-level offense increase if Mr. Cone "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing" of his offense. This includes "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n.4(h)).

After reviewing the record and these standards, we hold the district court's finding Mr. Cone misrepresented the purpose of the checks at issue was not clearly erroneous. Mr. Cone's contention he unintentionally misrepresented the checks as loan payments because he could not recall the circumstances of all his loan repayments, seems incredible given he never made payments on the loans involved. Moreover, the fact he made a notation of the loan number on the $7,274.62 check, just prior to presenting it to the probation officer as a loan payment, shows a wilful intent to misrepresent the purpose of the check. If Mr. Cone had been unsure of the check's purpose, or confused over the circumstances

of his loan payments as alleged, it seems more likely he would have indicated this to his attorney and the probation officer when he presented them the check, rather than marking the loan number on it without explanation. Thus, we have little difficulty concluding Mr. Cone, in trying to decrease the amount of restitution owed, misrepresented the purpose of the checks during the course of the probation officer's investigation. Because Mr. Cone made a material misrepresentation, we find it irrelevant whether other information Mr. Cone provided legitimately assisted the probation officer or whether Mr. Cone thought the probation officer might verify the payments. For these reasons, we conclude the district court did not err in increasing Mr. Cone's sentence under § 3C1.1 for obstruction of justice.

## B.  Acceptance of Responsibility

The district court has broad discretion to determine whether to award Mr. Cone a sentence reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, and we will not disturb its decision absent clearly erroneous findings. *United States v. Bindley*, 157 F.3d 1235, 1240 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1086 (1999); *see also* U.S.S.G. § 3E1.1, comment. (n.5). We may overturn the district court's acceptance of responsibility determination only if it is without foundation. *United States v. Amos*, 984 F.2d 1067, 1071-72 (10th Cir. 1993). Mr. Cone "bears the burden of establishing entitlement to a reduction

under § 3E1.1." *Bindley*, 157 F.3d at 1241. To receive a reduction, Mr. Cone "must show recognition and affirmative acceptance of personal responsibility for his criminal conduct." *Id.* (quotation marks and citation omitted). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(a)). Except in "extraordinary cases," conduct resulting in a sentence enhancement for obstruction of justice ordinarily indicates the defendant has not accepted responsibility for his criminal conduct. *See* U.S.S.G. § 3E1.1, comment. (n.4).

Given Mr. Cone's intentional misrepresentation of the checks at issue, and his repeated refusal to admit to his intentional misrepresentation, we can hardly conclude this is an "extraordinary case" warranting a downward adjustment for acceptance of responsibility for his criminal conduct. Moreover, we find Mr. Cone's obstructive conduct, in attempting to reduce the restitution he owes the "victim banks," is inconsistent with his acceptance of responsibility for defrauding those same banks. Thus, sufficient foundation exists for the district court's decision not to apply a sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

For these reasons, we **AFFIRM** the sentence imposed by the district court.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge