F I L E D
United States Court of Appeals
Tenth Circuit

FEB 25 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELLISON M. WHITEHORSE,

    Defendant-Appellant.

No. 99-4089

(D.C. No. 98-CR-423-C)

(D. Utah)

ORDER AND JUDGMENT[*]

Before BALDOCK, HENRY, and LUCERO, Circuit Judges.[**]

A federal grand jury indicted Defendant Ellison Whitehorse charging him with two

counts of assault with a dangerous weapon within Navajo National Indian country in

violation of 18 U.S.C. §§ 113(a)(3), 1152(a), and with two counts of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant entered a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

conditional plea of guilty to one count of assault with a dangerous weapon. See Fed. R. Crim. P. 11(a)(2). The district court dismissed the remaining counts on the Government's motion. Pursuant to the plea agreement, the Government agreed to remain silent on the issue of a sentencing enhancement for obstruction of justice. The district court nevertheless applied a sentencing enhancement for obstruction of justice and sentenced Defendant to forty-five months imprisonment. Defendant appeals the district court's application of the sentencing enhancement. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

I.

On June 15, 1995, on the Navajo Nation Indian reservation, Defendant assaulted Gloria Agoodie with a metal pipe and a handgun. The presentence report recommended the imposition of a two-level enhancement for obstruction of justice based on Agoodie's statements that Defendant attempted to influence her to not cooperate with the FBI. The presentence report further indicated that Defendant asked Agoodie to help him leave the country if he were indicted.

At the sentencing hearing, Defendant denied the information in the presentence report concerning his attempts to influence Agoodie. Consequently, the court called Agoodie to the stand. The court initially asked the Government to examine Agoodie. Defendant, however, objected because the Government agreed to remain silent on the issue of obstruction of justice as part of the plea agreement. The court, therefore,

2

questioned Agoodie.

Agoodie testified that Defendant contacted her by telephone on two occasions and told her to not cooperate with the FBI if they questioned her. She further testified that Defendant told her if she did cooperate with the FBI, "you know what I'm going to do to you." On a third occasion, Defendant went to Agoodie's house without invitation and again instructed her not to cooperate with the FBI. Following the court's questioning of Agoodie, Defense counsel cross-examined her.

Defendant also testified at the sentencing hearing. He admitted that he had been in contact with Agoodie, but denied that he was trying to dissuade her from cooperating with the investigation. Instead, Defendant testified that he told Agoodie she could choose whether to cooperate.

The court found Agoodie to be more credible than Defendant. Accordingly, the court imposed a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.[1]

---

[1] Section 3C1.1 provides,

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

U.S.S.G. § 3C1.1.

## II.

Defendant argues the trial court improperly imposed the two-level sentencing enhancement for obstruction of justice. Because the Government has the burden of justifying an obstruction of justice enhancement by a preponderance of the evidence, United States v. Keifer, 198, F.3d 798, 800 (10th Cir. 1999), Defendant argues the court improperly assumed the prosecutor's function by questioning Agoodie. We review the district court's legal interpretation of the sentencing guidelines de novo, and review its findings of fact for clear error. United States v. Burridge, 191 F.3d 1297, 1301 (10th Cir. 1999). Further, we review the propriety of a judge's examination of a witness for abuse of discretion. United States v. Albers, 93 F.3d 1469, 1484 (10th Cir. 1996).

The court's authority to question witnesses during trial is beyond dispute. Albers, 93 F.3d at 1485 (citing Fed. R. Evid. 614(b)). A trial judge cannot, however, become an advocate for either side. Id. at 1486. "A federal trial judge should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other." Id. at 1485-86 (quoting United States v. Jones, 730 F.2d 593, 598 (10th Cir. 1984)). We believe the same rationale holds true for a judge during a sentencing hearing.

Here, the court questioned Agoodie in an attempt to determine whether to apply the obstruction of justice enhancement. Defendant had denied the facts in the presentence report and the court questioned Agoodie in an attempt to resolve the dispute. We have

carefully reviewed this line of questioning by the judge and conclude that she did not abuse her discretion or commit error. The court did not act as an advocate or assume the prosecution's role, but rather sought to develop the facts.

III.

Defendant further argues the court improperly found Agoodie to be a credible witness. As mentioned above, we review the district court's factual determinations concerning the obstruction of justice enhancement for clear error only. Burridge, 191 F.3d at 1301. Further, we "give due deference to the district court's application of the Guidelines to the facts and its ability to judge the credibility of the witness upon whose testimony it relied." United States v. Hankins, 127 F.3d 932, 934 (10th Cir. 1997).

Agoodie's testimony at the sentencing hearing was consistent with the information contained in the presentence report. The court observed the testimony of both Agoodie and Defendant at the sentencing hearing and concluded Agoodie to be more credible. Such a finding is not clearly erroneous. The record contained sufficient evidence to support the imposition of the sentencing enhancement for obstruction of justice.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge