FUENTES, Circuit Judge, concurring in part and dissenting in part.
 

 I agree with the majority's prosecutorial misconduct analysis. I disagree, however, with my colleagues' conclusion that the District Court erred in applying a sentencing enhancement for obstruction under U.S.S.G. § 3C1.1 because Welshans' attempted deletion of child pornography files from his laptop computer occurred "contemporaneously with arrest."
 

 No one disputes that, on the morning Welshans was found in possession of thousands of child pornography images and videos, Welshans' aunt warned him that agents were en route to his home. After being warned, but 40 minutes before agents arrived to search his home, Welshans highlighted incriminating files on his laptop and selected "delete." Each file then sequentially moved to the laptop's recycle bin. Thereafter, Welshans stashed the laptop between couch cushions so it would not be discovered. Importantly, the process of moving files to the recycle bin occurred automatically and outside of Welshans' presence.
 

 With this context in mind, it cannot be that Welshans' purposeful conduct-which, again, occurred
 
 well before
 
 agents arrived to search his home-falls within the "contemporaneously with arrest" exception to § 3C1.1 's obstruction enhancement. By holding otherwise, the majority permits that limited exception to swallow the rule that obstructive conduct triggers an enhanced sentence.
 

 Because Welshans clearly attempted to destroy material evidence, I would affirm the District Court's imposition of the obstruction enhancement. I therefore respectfully dissent from Part IV of the majority's opinion.
 

 I.
 

 As the majority observes, § 3C1.1 provides for a two-level sentencing enhancement when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." The enhancement applies where,
 
 inter alia
 
 , a defendant attempts to destroy or conceal "evidence that is material to an official investigation or judicial proceeding."
 
 [1]
 
 In this regard, § 3C1.1 notes, by way of non-exhaustive example, that
 "shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence" qualifies for an obstruction enhancement.
 
 [2]
 

 Nevertheless, if otherwise covered conduct "occurred contemporaneously with arrest," that conduct, "standing alone," is insufficient to warrant an obstruction enhancement "unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender."
 
 [3]
 
 Relying on this exception, today the majority holds that the obstruction enhancement was improper because Welshans acted "contemporaneously with arrest" and the Government was not materially hindered since the files were easily restored. I disagree.
 

 The majority notes that "contemporaneous" is "a flexible term" which "could mean minutes or years."
 
 [4]
 
 However, " '[c]ontemporaneous' for purposes of § 3C1.1 has been construed to encompass obstructive conduct just prior to arrest, as when the police are at the defendant's door."
 
 [5]
 
 Accordingly, "this limited exception [ ] include[s] only conduct admitting a spontaneous or visceral or reflexive response occurring at the point arrest becomes imminent."
 
 [6]
 
 "It does not ... apply to [ ] cool and deliberate actions."
 
 [7]
 

 In finding that Welshans acted "contemporaneously with arrest," the majority relies heavily on the Tenth Circuit's decision in
 
 United States v. Norman
 
 .
 
 [8]
 
 However,
 
 Norman
 
 is distinguishable. In
 
 Norman
 
 , the defendant caused a car accident and attempted to hide drugs in dirt in front of his car. While it is true that the defendant "began hiding the [drugs] before the police arrived,"
 
 [9]
 
 in concluding that he acted "contemporaneously with arrest," the Court stressed that the defendant was still attempting to conceal evidence when the police arrived.
 
 [10]
 
 In this regard, the Court observed that the defendant "was [ ] 'kicking at the dirt' in front of his car when the first officer" arrived and that he "was arrested within moments of that arrival."
 
 [11]
 

 Here, unlike the defendant in
 
 Norman
 
 , Welshans was not actively engaged in obstructive conduct when the agents arrived to search his home. Rather, 40 minutes before the agents arrived, Welshans chose a large group of files, selected "delete," and hid the laptop between couch cushions. What's more, as the majority observes, after Welshans' conduct, the transfer of files to the recycle bin "could run automatically" without his presence at the computer.
 
 [12]
 
 Thus, in my view, Welshans' conduct was not the type of reflexive action excepted from the enhancement. To the contrary, Welshans' conduct appears calculated and purposeful.
 

 The majority also relies on the Eleventh Circuit's decision in
 
 United States v. Savard
 
 .
 
 [13]
 
 In
 
 Savard
 
 , the Court held that a defendant's concealment of evidence in his shoe as agents knocked on the hatch of his boat occurred "contemporaneously with arrest," even though the defendant was not arrested until later.
 
 [14]
 
 Crucially, however, the obstructive conduct in
 
 Savard
 
 occurred when the agents announced themselves at the defendant's hatch door. Moreover, while there was a gap between the obstruction and arrest in that case, it was undisputed that agents remained on the boat for that entire period. In contrast, here, Welshans acted 40 minutes before agents arrived to search his home. Further, while it is true that agents were surveilling Welshans' home around the time of his conduct, none of those agents entered his home until the search warrant was executed, 40 minutes after Welshans acted.
 

 Finally, on a practical level, interpreting "contemporaneously with arrest" to capture Welshans' conduct could produce absurd results. The following hypothetical, of which there are myriad variations, is illustrative. Suppose that, like Welshans, a defendant unsuccessfully tried to destroy evidence after learning that agents were en route. Further suppose that the defendant believed he would be arrested when the agents arrived. However, unlike our case, suppose that the agents had a car accident and were delayed until the next day. Under today's holding, our hypothetical defendant's failed attempt to destroy evidence would have occurred "contemporaneously with arrest"-and thus would be exempt from the obstruction enhancement-even though the agents were delayed.
 

 Simply, today the majority indicates that-so long as there is no material hindrance-obstructive acts taken upon learning of an investigation likely to result in arrest occur "contemporaneously with arrest." I cannot agree with such a result. While our Court has not defined "contemporaneously with arrest," I disagree with the majority that Welshans' obstructive conduct meets this limited exception. I would therefore find that the "material hindrance" requirement is inapplicable and the District Court was permitted to apply the obstruction enhancement even though the Government recovered the files before they were permanently erased.
 

 II.
 

 For the foregoing reasons, while I join my colleagues in affirming Welshans' conviction, I dissent from the decision to reverse the application of the obstruction enhancement and remand for resentencing.
 

 U.S.S.G. § 3C1.1, cmt. n.4(D).
 

 Id.
 

 Id.
 

 Maj. Op. at 579.
 

 United States v. Hankins
 
 ,
 
 127 F.3d 932
 
 , 935 (10th Cir. 1997) (citation omitted);
 
 see also
 

 United States v. Perry
 
 ,
 
 991 F.2d 304
 
 , 312 (6th Cir. 1993) (holding that a defendant's "hurried attempt to conceal [ ] evidence as the police stood at the front door was 'contemporaneous with arrest' ").
 

 United States v. Lamere
 
 ,
 
 980 F.2d 506
 
 , 515 n.6 (8th Cir. 1992).
 

 Id.
 

 129 F.3d 1393
 
 (10th Cir. 1997).
 

 Maj. Op. at 580.
 

 Norman
 
 ,
 
 129 F.3d at 1400
 
 .
 

 Id.
 

 Maj. Op. at 570-71.
 

 964 F.2d 1075
 
 (11th Cir. 1992).
 

 Id.
 

 at 1076, 1078-79
 
 .